S. F. FRY v. WARFIELD, HOWELL, WATT COMPANY, *et al.*, Appellants.

**Purchaser at Execution Sale:** NOTICE OF MORTGAGE WITH WRONG DESCRIPTION. A debtor mortgaged his farm and shortly afterwards defendant commenced an action, and bought it in at an execution sale resulting. The mortgage was recorded, but by a misdescription located the land in range 30, instead of 36, the correct number. Defendant before sale, was told that the bank which plaintiff represents had a mortgage on debtor's farm in A. county. There was no range 30 in A. county and debtor had only the one farm in such county, where the mortgage was recorded. *Held*, sufficient to put the purchaser on inquiry, and charge him with notice that the mortgage was senior to his lien.

**Execution Sale:** REDEMPTION: *Affidavit*. Code, 1873, section 3117, relating to redemptions by creditors from execution sale after nine months, requires that "such redemptioners" shall enter certain credits on the record. Section 3118 requires that the person "so redeeming" shall file an affidavit setting forth the amount due and unpaid on his own claim. *Held* that, since sections 3101–3117 relate in their former portion to redemptions before nine months from execution sale, and in their latter part relate to redemptions subsequent thereto, the words "such redemptioners" and "so redeeming" must apply to the latter, and intend that affidavit shall be necessary only when redemption is made after nine months.

*Appeal from Audubon District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, MAY 19, 1898.

ACTION for the foreclosure of a mortgage on real estate, and to adjudge defendants' interest in the land

junior to the mortgage lien. There was a decree for plaintiff, and the defendants appealed.—*Affirmed.*

*C. C. & C. L. Nourse* and *Theo. F. Meyers* for appellants.

*B. I. Salinger* for appellee.

GRANGER, J.—The following is the statement of the facts found by the district court, and of the propositions for consideration: "It seems that one Sutter, who is a partner in the firm of Lebeck & Sutter, was the owner of the east half of the southwest quarter, and the west half of the southeast quarter of section sixteen (16), township eighty-one (81), range thirty-six (36) west of the 5th P. M., in Audubon county, Iowa, upon which were mortgages made by Sutter to Carter, Enders, and the Citizens' Savings & Trust Company. The firm of Lebeck & Sutter became involved, and among other parties was indebted to the defendant the Warfield-Howell-Watt Company, who commenced an action against Lebeck & Sutter, levied upon this property on the 25th day of June, 1894, and under a special execution upon said judgment sold the same, bought it in at sheriff's sale, and took a sheriff's certificate therefor. Afterwards, on the 17th day of December, 1895, no redemption having been made therefrom, the Warfield-Howell-Watt Company obtained a sheriff's deed under said sale. In the meantime the prior mortgages had been foreclosed and the property sold thereunder, on the 10th day of April, 1895. After the defendant the Warfield-Howell-Watt Company had obtained the deed under its attachment suit, and on the 18th day of December, 1895, they purchased the certificate of sale which had been issued under the foreclosure of the mortgages, and the plaintiff claims to have made redemption therefrom. It appears also that one C. D. Dewing held a

mortgage, intended to cover the same property, junior to the mortgages above referred to, made by Sutter on the 9th day of April, 1894, and filed for record in Audubon county on the 13th day of the same month. This mortgage stated that the land conveyed therein was in Audubon county, Iowa, and the property of Sutter, but by mistake in the description given in the instrument the number of the range was stated as thirty (30), instead of thirty-six (36), as it should have been. There is no doubt under the evidence that Sutter never owned any land in Audubon county, except as above described, and that he never owned any land in range thirty (30), nor is there any question but that the parties intended that the mortgage should be made and delivered upon the above-described land in range thirty-six (36), and for a long time supposed that this had been done. This mortgage passed to the State Bank at Manning, and the plaintiff, Fry, is now bringing this suit to foreclose the same for the bank, asking that the same be corrected, and that the interest of the Warfield-Howell-Watt Company in the said premises be declared junior to the interest held by him. In determining whether plaintiff has now a superior lien, it will be necessary to consider: (1) Whether the mortgage made by Sutter to Dewing is senior to the sheriff's deed obtained under the attachment proceedings; (2) whether plaintiff made a valid redemption from the foreclosure of the prior mortgages."

I. The grounds upon which it is urged that the mortgage is senior to the sheriff's deed are two: First, that the recorded mortgage, notwithstanding the defect as to the range, imparted constructive notice; and, second that the Warfield-Howell-Watt Company had actual notice of the mortgage. Our conclusion upon the second proposition makes it unnecessary to consider the first. Appellant concedes that on the question of actual notice the evidence is in sharp conflict. That defendant

had notice to the extent of being told that the bank had a mortgage on the farm owned by Sutter in Audubon county is reasonably certain. Sutter had but the one farm in Audubon county, and we think the information sufficient to put defendant on inquiry. If he had such information, he had actual notice. *Plow Co. v. Braden*, 71 Iowa, 141. As the record of the mortgage showed the land to be in Audubon county, and gave a range not including such county, if the record is of any significance on the question of fact, it would strengthen the conclusion.

II. The redemption made by plaintiff from the prior mortgages was within nine months from the date of the sale, and no affidavit was filed as required by section 3118 of the Code of 1873, as follows: "The mode of making redemption is by paying the money into the clerk's office for the use of the person thereto entitled. The person so redeeming, if not defendant in execution must also file his affidavit or that of his agent or attorney, stating as nearly as practicable the amount still unpaid and due on his own claim." That such an affidavit must be filed where redemption is made after the nine months from the date of sale is not questioned, but the parties are in contention as to such a requirement in case of redemption made before that time. In *Goode v. Cummings*, 35 Iowa, 67, the precise question is considered, and a conclusion stated that it is not required in cases of redemption prior to the expiration of the nine months. The case cites, in support of the views expressed, *Wilson v. Conklin*, 22 Iowa, 452. It is thought by appellants that neither case involved the question so as to be an authority, and the case of *West v. Fitzgerald*, 72 Iowa, 306, is referred to and quoted from, and because of some language there used it is claimed that the question is an open one for us to determine. We think the question was fairly involved

in *Goode v. Cummings*, and we may add that we regard the conclusion therein stated as the correct one. Taking the sections on the subject of redemption from 3101 to the one in question, 3118, and it is readily seen that redemptions are of different kinds, and the distinction is marked as to those of creditors before and after the expiration of the nine months. After section 3113, the provisions are exceptions to the general ones stated. Section 3115 provides for an entry on the sale book, and the amount the last redemptioner before the expiration of the nine months is willing to credit on his claim. There is no such specific requirement as to other redemptions made before the expiration of the nine months. Section 3116 provides for a redemption by paying the legal disbursements of the last holder, added to the amount on the sale book. Section 3119 provides: "such redemptioner" must also credit the full amount of his claim unless he makes a like entry on the sale book, etc. Then comes what seems to us to be the decisive language: "The person *so* redeeming  *  *  *  must also file affidavit  *  *  *  stating as nearly as practicable the amount still unpaid and due on his own claim." The words "such redemptioner" and "the person so redeeming" must be intended to limit the requirement as to the filing of the affidavit to the class or kind of redemptioners last spoken of, or provided for in the act, the distinction being as to the time of making the redemption. The most that can be said of *West v. Fitzgerald, supra,* is that it holds that what was said in *Goode v. Cummings* was as to the manner of redemption, instead of a right of redemption. It is the manner of redemption that we are now dealing with, so that there is nothing in the *West-Fitzgerald Case* to detract from the other case as authority. We need add nothing more to what is said in *Goode v. Cummings.* A motion to strike appellee's additional abstracts from the files is sustained. The judgment will stand AFFIRMED.