B. C. BURNS, Appellant, v. W. A. HANBY et al., Appellees.

MORTGAGES: Ineffectual Redemption. An attempted redemption of real estate from mortgage foreclosure sale, by a junior judgment creditor, is a nullity as against a subsequent redemptioner, when carried no further than the payment to the clerk of the amount of all prior liens, without any *affidavit statement* by the attempted redemptioner as to the amount which he is willing to allow on his judgment claim, and without such information's appearing in any manner on the clerk's sale book. or being in any manner brought to the attention of a subsequent redemptioner. (Sec. 4056, Code, 1897.)

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

OCTOBER 25, 1918.

SUIT in equity to quiet title. The real claim of the plaintiff is that she is entitled to a sheriff's deed to certain real estate which had been sold under execution, and for which the plaintiff holds the certificate of sale. The defendant Hanby is the grantee by quitclaim deed from the execution debtor. Pursuant to such deed, he purported to redeem from the execution sale. In making such redemption, however, he ignored a purported or attempted redemption by the plaintiff, as a junior lienholder. Pursuant to his purported redemption, the defendant Hanby has con-

tinued in possession of the land after the expiration of the year of redemption, and the defendant sheriff has refused to issue a sheriff's deed to the plaintiff. Upon trial, the district court found with the defendant. The plaintiff has appealed.—*Affirmed.*

*O.` C. Brown,* for appellant.

*Berry & Watson,* for appellees.

Evans, J.—The execution debtor was Utterson. The property in question was sold under foreclosure and a special execution on February 25, 1916, and was bid in by the execution creditor, one Gilbert, for the full amount of the debt, being about $2,160. Subsequent to the mortgage lien, 13 judgments had been entered against Utterson in favor of various plaintiffs, all of which became judgment liens upon the same property, and all of which were junior to the mortgage and junior and senior to each other, according to their respective dates. The last of these judgment liens, being for the sum of about $100, was owned by the plaintiff. As such junior lienholder, on November 23, 1916, she attempted and purported to redeem from the sheriff's sale under the mortgage foreclosure, and from all the judgment liens which were senior to her judgment. Through her agents, she presented herself at the clerk's office for that purpose, and paid to the clerk the sum of $4,163, being the full amount, with interest, of the bid at the foreclosure sale, and of the 12 judgments which were senior liens to her judgment. The amount thus paid to the clerk was applied by the clerk upon the prior liens accordingly, and the same were thereby satisfied. Gilbert received the amount due him under the foreclosure sale, and assigned the sheriff's certificate to the plaintiff, pursuant thereto. On February 24, 1917, Utterson, the execution debtor, conveyed the property, by quitclaim deed, to defendant Hanby. On the same day, Hanby purported to redeem from the

foreclosure sale by paying in to the clerk the sum of $2,338, being the full amount, with interest, due on the sheriff's certificate of sale, and no more. Because of this purported redemption by Hanby, as grantee of Utterson, the sheriff treated the redemption as complete, and refused to issue a sheriff's deed to the plaintiff.

The question presented involves the construction of our redemption statute. The sections of the statute pertaining to this subject were somewhat revised by the Code of 1897. Prior decisions, therefore, are not wholly applicable to the present state of the law.

It is the contention of the appellee that, under the statute in its present form, it was incumbent upon the plaintiff, as a redemptioner, to have filed with the clerk an affidavit, as provided by Code Section 4056. Though the plaintiff paid her money, she filed no affidavit. The contention, therefore, is that the failure to file the affidavit was fatal to the redemption, and that the plaintiff's attempted redemption could be wholly ignored by the defendant. In the redemption, the defendant recognized the sheriff's certificate as the only outstanding lien. Though the execution bidder, Gilbert, had received from the plaintiff full payment, and had relinquished the certificate, nevertheless the defendant recognized the plaintiff as the actual holder thereof, not as a redemptioner, but as a mere assignee.

The question presented involves consideration of the following sections of the Code:

"Section 4046. If no redemption is made by the debtor as above provided, thereafter, and at any time within nine months from the day of sale, said redemption may be made by a mortgagee before or after the debt secured by the mortgage falls due, or by any creditor whose claim becomes a lien prior to the expiration of the time allowed for such redemption;    *    *    *

"Section 4047. Creditors having the right of redemption may redeem from each other within the time above limited, and in the manner herein provided.

"Section 4048. When a senior creditor thus redeems from his junior, he is required to pay off only the amount of those liens which are paramount to his own, with the interest and costs appertaining to those liens.

"Section 4049. The junior creditor may in all such cases prevent a redemption by the holder of the paramount lien by paying off the lien, or by leaving with the clerk beforehand the amount necessary therefor, and a junior judgment creditor may redeem from a senior judgment creditor.

"Section 4050. The terms of redemption, when made by a creditor, in all cases shall be the reimbursement of the amount bid or paid by the holder of the certificate, including all costs, with interest the same as the lien redeemed from bears on the amount of such bid or payment, from the time thereof, but where a mortgagee whose claim is not yet due is the person from whom the redemption is thus to be made, he shall receive on such mortgage only the amount of the principal thereby secured, with unpaid interest thereon to the time of such redemption.

"Section 4051. The terms of redemption, when made by the title holder, shall be the payment into the clerk's office of the amount of the certificate, and all sums paid by the holder thereof in effecting redemptions, added to the amount of his own lien, or the amount he has credited thereon, if less than the whole, with interest at contract rate on the certificate of sale from its date, and upon sums so paid by way of redemption from date of payment, and upon the amount credited on his own judgment from the time of said credit, in each case including costs.

"Section 4052. When a senior redeems from a junior creditor, the latter may, in return, redeem from the former,

and so on, as often the land is taken from him by virtue of a paramount lien.

"Section 4054. Unless the defendant redeems, the purchaser, or the creditor who has last redeemed prior to the expiration of the nine months aforesaid, will hold the property absolutely.

"Section 4055. In case it is thus held by a redeeming creditor, his lien, and the claim out of which it arose, will be held to be extinguished, unless he pursues the course pointed out in the next section.

"Section 4056. The mode of redemption by a lienholder shall be by paying into the clerk's office the amount necessary to effect the same, computed as above provided, and filing therein his affidavit, or that of his agent or attorney, stating as nearly as practicable the nature of his lien and the amount still due and unpaid thereon. If he is unwilling to hold the property and credit the debtor thereon the full amount of his lien, he must state the utmost amount he is willing to credit him with. If the amount paid to the clerk is in excess of the prior bid and liens, he shall refund the excess to the party paying the same, and enter each such redemption made by a lienholder upon the sale book, and credit upon the lien, if a judgment in the court of which he is clerk, the full amount thereof, including interest and costs, or such less amount as the lienholder is willing to credit therein, as shown by the affidavit filed.

"Section 4057. In case any question arises as to the right to redeem, or the amount of any lien, the person claiming such right may deposit the necessary amount therefor with the clerk, accompanied with the affidavit above required, and also stating therein the nature of such question or objection, which question or objection shall be submitted to the court or a judge thereof as soon as practicable thereafter, upon such notice as it or he shall prescribe of the time and place of the hearing of the contro-

versy, at which time and place the matter shall be tried upon such evidence and in such manner as may be prescribed, and the proper order made and entered of record in the cause in which execution issued, and the money so paid in shall be held by the clerk subject to the order made.

"Section 4058. A creditor redeeming as above contemplated is entitled to receive an assignment of the certificate issued by the sheriff to the original purchaser as hereinbefore directed."

It will be observed from the foregoing that the mode of redemption by a junior lienholder is set forth in Sections 4049, 4050, 4056. The mode of redemption by the title holder is set forth in Section 4051. The plaintiff, as a junior lienholder, conformed to the provisions of Sections 4049 and 4050. She failed, however, to conform to the requirements of Section 4056, in that she failed to file the affidavit therein required. This provision of Section 4056 first appeared in the Code of 1897, and involved a change from previous methods of redemption. The effect of this change has been considered by us to some extent in *Jack v. Cold,* 114 Iowa 349; *Howard v. Kelly,* 137 Iowa 76; *Iowa L. & T. Co. v. Kunsch,* 156 Iowa 91.

The general purpose of the change in the statute was to reduce the method of redemption to a more definite form, and for that purpose to require some degree of formality, and a public record. It, in effect, withdrew sanction from the tacking of liens and redemptions by mere private transactions of purchase between lienholders.

Section 4056 not only requires an affidavit to be filed, which shall set forth certain facts for the information both of the title holder and of subsequent redemptioners, but it requires, also, that the clerk shall enter such redemption upon the sale book. Compliance with this section by the redemptioner and by the clerk enables a subsequent redemp-

tioner to ascertain the exact amount necessary to be paid in the subsequent redemption.

In this case, no affidavit was filed; but it fairly appears from the evidence that the purpose of the plaintiff to make redemption was fully made known to the clerk. All that was made to appear on the record, however, was that the record of each of the twelve judgments was made to show that the same had been paid by the plaintiff, and was, accordingly, satisfied. The thirteenth judgment, being the last lien, and being owned by the plaintiff, and being the judgment under which she purported to make redemption from the sheriff's sale, was not satisfied, either in whole or in part; nor was there any record of any kind made therein by the clerk, as required by Section 4056. The plaintiff did pay in to the clerk the amount necessary to redeem from the sheriff's certificate of sale. The clerk did pay the same over to the holder of the certificate, and the holder of the certificate did assign the certificate of sale to the plaintiff, as provided in Section 4058. But no record in the sale book appears to have been made, even of this. The question which has been mainly argued before us is whether the failure of the plaintiff to file the affidavit required by Section 4056 was fatal to the redemption. We are not prepared to hold that such an omission would be necessarily fatal to the redemptioner, if it were made to appear that the requisite facts were made to appear by the clerk in appropriate entries upon the sale book, or, perhaps, if it were made to appear that the subsequent redemptioner had actual notice of the attempted redemption by the first redemptioner, and the extent thereof. These saving facts, if such, are wanting in this case. To hold good plaintiff's redemption as made, would be to quite nullify Section 4056. If lien is to be tacked to lien, for the purpose of redemption, and if the holder of a thirteenth judgment is to anticipate redemption by prior lienholders,

and is to prevent the same by prior payment of their judg-
ments, it is highly desirable that the intent of his mind be
committed, definitely and irrevocably, to the record. This
is the substantial purpose of the statute. The method pro-
vided to that end is necessarily formal, but not technical.

We think it must be said, therefore, that the plaintiff
has failed to show substantial conformity with this section.

It is to be noted, also, that the plaintiff has not sought
her relief under the provisions of Section 4057, which pro-
vides for a summary remedy, but has proceeded by suit in
equity to quiet title. By so proceeding, she has made her
case still more difficult. Her petition was properly dis-
missed, and the order is—*Affirmed*.

PRESTON, C. J., LADD and SALINGER, JJ., concur.