O. F. MYERS, Trustee, et al., Appellants, v. J. W. SCHWIEGER, Sheriff, et al., Appellees.

FRANKLIN COUNTY STATE BANK, Appellee, v. ED CURTIS et al., Appellants.

MORTGAGES: Foreclosure—Loss of Priority by Partial Foreclosure.
1  An unappealed real estate mortgage foreclosure decree for *past due interest only*, with proviso that the cause should stand continued for foreclosure for the unmatured principal, and that the said decree should not affect the plaintiff's rights under the mortgage, followed by execution sale and certificate made *subject to the lien of the principal mortgage sum*, does not destroy the priority of said mortgage for said principal sum, and thereby enable a junior mortgagee party to the partial foreclosure to redeem, and secure an *absolute* deed.

EXECUTION: Abortive Redemption. Principle recognized that a jun-
2  ior lienholder, whose redemption is abortive because of his failure to file the affidavit required by Sec. 4056, Code, 1897, has no rights other than as assignee of the certificate of sale.

*Appeal from Franklin District Court.*—R. M. WRIGHT, Judge.

FEBRUARY 9, 1921.

Two cases involving the same subject-matter were tried at the same time in the court below, and are presented here upon the same arguments. They involve a controversy between mortgagees of real estate as to the present priority of their mortgages. The mortgage of the Franklin County State Bank was originally a first mortgage, and that of Myers, trustee, was a second mortgage. There was a foreclosure suit brought upon the first mortgage. A decree was entered for all past-due interest, and the cause was continued as to the principal sum, which was not yet due. The decree entered contained reservations intended to protect the first mortgage against the claim of adjudication, and a special execution was ordered for the sale of the mortgaged premises, to pay the judgment for past-due interest. Sale on special execution was had, such sale purporting to be made

subject to the lien of the principal sum not yet due. The question presented is whether the first mortgage thereby lost its priority, and whether Myers, who purported to redeem from the execution sale, was thereby entitled to take priority over the principal sum of the first mortgage. The trial court held that the second mortgage did not, upon these facts, take priority over the first mortgage, and Myers has appealed.—*Affirmed.*

*Jno. M. Hemingway,* for appellants.

*Clock & Saley* and *E. H. Lundy,* for appellees.

PER CURIAM.—The first of the above-entitled cases is a suit in mandamus, brought by Myers against the sheriff, to compel the issuance to him of a sheriff's deed, pursuant to his purported redemption. The second is a foreclosure suit, the same being supplemental to the original foreclosure action, and being prosecuted to foreclose the mortgage as to the principal sum after the same had become due. This suit also involved the question of the priority of the mortgage thus foreclosed. We shall address ourselves to the question involved, and not deal with the cases separately. Both cases here considered are sequel to the original foreclosure, wherein decree and judgment for past-due interest were entered. Such decree in express terms ordered special execution against the mortgaged premises for the collection of such interest. It also contained the following:

1. MORTGAGES: foreclosure: loss of priority by partial foreclosure.

"The court further finds that the defendants Ed Curtis and Lillian Curtis, his wife, are liable for the indebtedness of $2,500 and the interest notes given for the same, but further finds that, because of an extension agreement made between the parties, that the said note in the sum of $2,500 is not due until February 20, 1916, and that, by reason thereof, judgment on said note of $2,500 and on the interest notes not yet due cannot be rendered against the defendants at this date. The court further finds that this decree and these findings in no way affects the plaintiff's rights in and to the $2,500 note above referred to, or the mortgage securing said note, and in no way releases the defendants Ed Curtis and Lillian Curtis from full liability on

said $2,500 note above referred to, and on the interest notes not yet due at the time said indebtedness may mature under the terms of the said extension agreement, and that only time is lacking to prevent the court from granting to plaintiff at this time the full relief prayed in plaintiff's petition.''

Pursuant to the decree, special execution was issued against the mortgaged premises, and said premises were sold thereunder. Such sale, however, purported to be made subject to the $2,500 mortgage. It was so announced by the sheriff at the bidding. It was sold to the execution plaintiff for the amount of the judgment. The sheriff's return recited that the sale was made subject to such mortgage. The certificate of sale issued to the purchaser made the same reservation. This sale was had on the last day of December, 1914. On the last day of September, 1915, being the last day of redemption for junior lienholders, Myers purported to redeem from the execution sale, and paid in to the clerk the full amount of the bid, with interest. He did not, however, file the required affidavit, as provided by Code Section 4056. The clerk, however, required the affidavit, and refused to recognize the redemption until the affidavit should be filed; and affidavit was filed on October 2d. The clerk notified the plaintiff of the redemption, and the plaintiff thereupon delivered to the clerk its certificate of sale, with its assignment thereon. This assignment incorporated the qualification already contained in the certificate itself, to the effect that it was a sale, subject to the $2,500 mortgage. The money deposited by Myers remained in the clerk's hands until October 4th; likewise, the certificate and assignment thereof. On that date, Myers took the certificate, and the plaintiff took the money. Whether these acts were actually simultaneous does not appear. This latter fact can only be material as bearing upon the controversy whether Myers accomplished any redemption at all, in view of his failure to file an affidavit on September 30th. The mortgagor and owner of the property was Curtis. Both Curtis and Myers were parties to the original foreclosure. Curtis never redeemed, and has, therefore, ceased to have any interest in the property. He has, however, always remained a party to the foreclosure proceedings, and he and Myers have always been represented therein by the same counsel. At the expiration of the year of redemption,

Myers presented his certificate to the sheriff, and requested a sheriff's deed. The sheriff tendered a deed which was conformable to the certificate of sale. This was objected to by Myers, because of the condition contained therein that the sale was subject to the mortgage. His demand was for a sheriff's deed, with such qualification eliminated. This is the measure of the dispute involved in the mandamus suit against the sheriff. In the meantime, and shortly after February 20, 1916, when the principal sum became due, the plaintiff proceeded with its foreclosure of the principal debt. Myers thereupon set up his claim to priority over the plaintiff's mortgage, by reason of the execution sale already had under the initial decree.

The general legal contention for Myers is that the execution sale under the initial decree of legal necessity discharged the lien of the mortgage *in toto*, in that the plaintiff was entitled to but one execution sale under the same mortgage. It is doubtless true that, in the absence of a saving clause, the initial decree would, as a matter of law, have been deemed a complete adjudication of the entire cause of action upon which suit was brought. Does it follow that the court was without power to adjudicate less than the whole, and to reserve a part from the adjudication, without prejudice to future rights? The contention for Myers is an affirmative answer to this question. If such affirmation be correct, Myers must prevail. If it be incorrect, he cannot prevail. The trial court, in entering the initial decree, had jurisdiction of the subject-matter and of the parties to the suit. This was a complete jurisdiction, both *in personam* and *in rem*. There was, therefore, no lack of jurisdiction or power. If it be assumed that the decree was, in law, erroneous, and could have been reversed on appeal, it was no less binding upon the parties to it until reversed. It was not appealed from. If it were still subject to review on appeal, we could not review it collaterally in these proceedings. We are clear, therefore, that this original decree is a finality, and that it is not open to the parties thereto to assail it for want of jurisdiction or power; nor is it subject to review for error of judgment on the part of the trial court. This being so, the purported execution sale subject to the $2,500 mortgage was consistent with the decree, and fairly within its contemplation.

Some question has been raised by appellee as to whether Myers can be deemed to have made any redemption at all. If he failed to accomplish a redemption because of his failure to file an affidavit, then his only standing herein is as an assignee of the certificate of sale. As such assignee, he could take nothing more than the certificate purported to give. His right would rise no higher than that of his assignor. We have held that an affidavit is essential to a redemption by a junior lienholder under our present statute. *Burns v. Hanby,* 184 Iowa 727. That case, however, dealt with the right of a grantee of the debtor owner as against a junior lienholder who had purported to redeem and had failed to file his affidavit. Whether the rule there announced would be applicable to the case at bar, we need not determine. Curtis has not redeemed. The only persons in interest, therefore, are the two mortgagee lienholders, Myers and the Franklin County State Bank. As between them, Myers is entitled to stand as the assignee of the certificate of sale, and to take all right thereunder which the execution purchaser could have taken if purported redemption had not been made. This entitles him to a sheriff's deed of all that this certificate of sale called for. It entitles him to no more. The certificate of sale burdened the purchaser with the lien of the principal debt not yet due. On the other hand, if he is to be deemed a successful redemptioner, then, as a party to the foreclosure proceeding, he was bound by the terms of the decree, which also burdened the title of the execution purchaser with the same lien. It necessarily follows that the trial court properly enforced the mortgage lien for the principal debt after it became due, and that the second mortgage acquired no priority over the first. The decree entered below is, accordingly,—*Affirmed.*

2. EXECUTION: abortive redemption.