C. D. FORTUNE, Appellee, v. L. W. BARNHART et al., Appellees; MABLE GRACE YATES, Appellant.

**EXECUTION:** Redemption—Apportionment of Lien When Property Separately Sold. A junior mortgagee, in redeeming from a senior foreclosure sale under which the property was sold in *separate* tracts, is under no obligation to divide the amount of his lien and to apportion a part to each separately sold tract.

Headnote 1: 27 Cyc. p. 1815.

*Appeal from Davis District Court.*—F. M. HUNTER, Judge.

NOVEMBER 11, 1924.

REHEARING DENIED JANUARY 24, 1925.

SPECIAL proceedings by application under Code Section 4057, Code of 1897, for an order in regard to the redemption of certain real estate from an execution sale on foreclosure of a mortgage. An order was denied the applicant, and she appeals. The facts appear in the opinion.—*Affirmed.*

*F. M. Beatty* and *C. C. Heninger,* for appellant.

*T. A. Goodson* and *T. P. Bence,* for appellee.

FAVILLE, J.—The plaintiff in the original action was the owner of a farm of 360 acres. It appears that he sold the farm, and received as evidence of part of the purchase price a mortgage on the premises for $27,250. The purchaser in turn sold the farm to the defendants L. W. Barnhart and wife, who assumed the payment of said mortgage. Subsequently, the title was conveyed to appellant.

In 1920, the Barnharts executed a second mortgage on said premises to appellee W. J. Steckel, trustee, for the sum of $4,000. The plaintiff brought suit for the foreclosure of said first mortgage. The Barnharts and the mortgagors were made parties defendant, as were also appellant and appellee Steckel. A decree of foreclosure was entered on or about the 25th day of May, 1922, and a special execution was issued and levy made on the premises, and the same was sold to the plaintiff, as purchaser, in nine separate tracts of forty acres each, the total amount of the sale being $31,969.23. On March 22, 1923, Steckel attempted to make a redemption from said sale, as a junior lien holder, and paid to the clerk the total amount of the sale of the several tracts under execution, and filed affidavit stating that there was then due upon his junior lien $3,114. This affidavit will be discussed later.

It is conceded that, on June 19, 1923, appellant was the owner and holder of the legal title to all of the lands described in said mortgage, and the holder of the right of redemption in and to said lands, and that on said date she paid to the clerk $22,112.39 in redemption of five of the forty-acre tracts that had been sold under the sheriff's execution in the foreclosure sale, and at said time deposited with the clerk of the district

court the sum of $3,180, being the amount then due on Steckel's junior mortgage. Thereupon, appellant filed her application, under Section 4057, Code, 1897, for an order to fix and determine the amount required to be paid to make full redemption of said premises, and to determine whether or not Steckel had legally redeemed from the foreclosure sale.

Notice of said application being duly served, Steckel appeared in resistance thereto. A hearing and trial was had, and it was ordered and decreed that Steckel's redemption was legal, and that he was entitled to the amount paid by appellant in redemption from the foreclosure of the first mortgage, and also to the full amount due on his junior mortgage. From this order the title holder redemptioner appeals.

The question at issue is whether the redemption by the junior mortgagee was made in such manner as preserved his lien against the five forty-acre tracts sought to be redeemed by the title holder redemptioner. The amount due on the junior lien holder's mortgage, $3,180, was paid into the hands of the clerk of the district court, and under stipulation is held pending the determination of this question.

No question is raised as to the legality of the foreclosure proceedings, or of the sale under the special execution. The land was sold in nine forty-acre tracts. Different amounts were bid for each of said tracts, and the homestead forty acres were offered for sale last. It appears that nine separate certificates of sale were issued to the purchaser, each being for the amount paid on one particular forty-acre tract.

When Steckel, as junior lien holder, sought to redeem from this sale, he paid to the clerk the total amount due on all of said certificates of sale, and filed an affidavit in which he stated that he was a junior lien holder to the certificates of sale issued to the purchaser under said special execution, and that he had a lien on the premises described in said certificates of sale, as evidenced by a mortgage of $4,000, which was particularly described, and on which he averred there was due $3,114, and stated:

"Which amount I credit on my lien in redeeming from all the sheriff's certificates of sale of the above described land."

The affidavit further recited the amount due at said date

on each of the several certificates of sale, with interest, and the aggregate amount thereof, which amount Steckel paid to the clerk.

Did Steckel effectually redeem as a junior lien holder, so that the title holder was required to pay the amount due on the junior mortgage, in order to effectuate redemption of the five tracts?

The method of redemption by a junior mortgagee is pointed out by the statute. We have quite recently had occasion to consider the statutes involved, and to discuss the question of redemption by a junior mortgagee, in *Burns v. Hanby,* 184 Iowa 727, and *Gates v. Ives,* 191 Iowa 851.

Section 4056, Code, 1897, provides the method by which a junior lien holder may redeem from a senior lien holder. Said section is as follows:

"The mode of redemption by a lien holder shall be by paying into the clerk's office the amount necessary to effect the same, computed as above provided, and filing therein his affidavit, or that of his agent or attorney, stating as nearly as practicable the nature of his lien and the amount still due and unpaid thereon. If he is unwilling to hold the property and credit the debtor thereon the full amount of his lien, he must state the utmost amount he is willing to credit him with. If the amount paid to the clerk is in excess of the prior bid and liens, he shall refund the excess to the party paying the same, and enter each such redemption made by a lien holder upon the sale book, and credit upon the lien, if a judgment in the court of which he is clerk, the full amount thereof, including interest and costs, or such less amount as the lien holder is willing to credit therein, as shown by the affidavit filed."

There is no question in this case but that Steckel complied with the provisions of Code Section 4056, in that he made reimbursement of the amount bid by the holder of each of the nine certificates of sale, including all of the costs, with interest, and said amount was paid by him to the clerk of the court.

We held, in *Burns v. Hanby,* supra, that, for a junior redemptioner to effectuate a valid redemption, it was necessary that the redemption be in substantial conformity with said Section 4056. In this case, the land was sold under the fore-

closure of the mortgage, in nine separate and distinct tracts. Nine certificates of sale were issued. In this particular instance, one party was the purchaser of nine of the certificates; but it might well have happened that nine different purchasers each had acquired a separate certificate of sale of a particular tract.

The junior redemptioner, in attempting to redeem, computed the amount due upon each of said nine certificates of sale, and paid to the clerk the total amount due on all of said certificates. He also filed an affidavit, in which he stated the nature of his lien "and the amount still due and unpaid thereon."

It is contended by appellee Steckel that he strictly and literally complied with the express provisions of the statute, and that this is all that is required. It is obvious that this statute by its terms was intended to refer to and provide what should be done in the event of a sale of a single tract and of a redemption from the sale of such a tract, or from a sale *en masse,* where one certificate had been issued.

Unless we are to construe the statute by incorporating into it other and additional provisions than are contained therein, it must be held that the junior redemptioner in this case did the precise thing and the only thing that the statute required him to do. It is to be remembered that he had a mortgage which was a lien upon the entire tract of land. He had in no way changed his position as such mortgagee, although his rights as a mortgagee, as between him and the holder of the first mortgage, had been changed by the foreclosure to which he was a party, into the statutory rights of a redemptioner. He made his redemption from the foreclosure sale in exact accordance with the provisions of the statute: that is, by paying the amount due on the sale of each of the several tracts covered by his mortgage. He then filed his affidavit, stating the nature of his lien and the amount still due and unpaid thereon. His lien was a lien upon all of the parcels which he had so redeemed. The amount due was stated correctly in his affidavit. He did not have a separate lien upon each of the several forties that had been so separately sold under the foreclosure sale, but his lien still remained as a lien upon the entire tract. He was not com-

pelled by any provision of the statute to split his lien into nine distinct amounts and state the amount of his lien that he was willing to credit upon each of the several parcels, if redemption should be made of them. He redeemed the nine forties, and, by his affidavit, did exactly what the statute requires: stated the amount due on his lien, which covered the entire tract.

It is suggested that, if a title holder redemptioner sought to redeem one tract, in order to do so, he would be compelled to pay the entire amount due on the junior redemptioner's mortgage, and that the junior redemptioner should be required to apportion his mortgage among the several parcels redeemed by him, so that a title holder redemptioner of one tract could redeem such tract by paying the amount of the sale under the first mortgage and the amount stated by the junior redemptioner that he was willing to indorse upon his mortgage by a redemption of such particular tract. The difficulty with this contention is, however, that there is no provision of the statute requiring the redemptioner to split up his mortgage among the several parcels, where the land is sold in this manner, under the foreclosure of the first mortgage.

It is true that the title holder redemptioner of any one of the forty-acre tracts might be compelled to pay the total amount of the junior redemptioner's mortgage, to effectuate a redemption. Of course, the amount of such mortgage must be paid once; and whether or not, where there are a number of title holder redemptioners all seeking to redeem, contribution could be enforced by the one who first redeemed, as against the others, is a matter not involved in this case, and upon it we express no opinion.

The sole question for our determination is whether or not, under the facts in the instant case, the junior mortgagee made a redemption of the mortgaged premises in such a manner as preserved his lien against the mortgaged premises in such a way that no single parcel could be redeemed therefrom unless the junior mortgagee's lien had first been satisfied. We hold that the redemption by the junior mortgagee was in strict and full compliance with the statute, and that appellant was not entitled to redeem the parcels of land which she sought to redeem as a title holder redemptioner, without first paying the amount due on

Steckel's lien. The redemption by the junior lien holder was made in strict accordance with the statute, and must be satisfied by the title holder in order to effectuate full redemption.

The decree of the district court was correct, and must be—*Affirmed.*

. ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.