GREEN BAY LUMBER COMPANY, Appellee, v. JOHN W. LEITZEN et al., Appellees; BERT LEITZEN, Appellant.

**EXECUTION:** ˙ Redemption—Fatally Defective Affidavit. An attempt by a junior lien holder to redeem on an affidavit which materially and misleadingly misstates the amount of his lien claim is a nullity as to another junior lien holder who had no knowledge as to the actual amount of said first lien.

Headnote 1: 23 C. J. p. 722.

*Appeal from Monona District Court.*—MILES W. NEWBY, Judge.

OCTOBER 25, 1927.

Action for the purpose of. establishing the rights of alleged redemptioners. The facts appear in the opinion.—*Affirmed.*

*Prichard & Prichard* and *O. P. Bennett,* for appellant.

*Underhill & Miller,* for plaintiff, appellee.

*Hess, Crary & Crary* and *George E. Allen,* for George Hoover, appellee.

FAVILLE, J.—One Leitzen owned certain real estate in the town of Mapleton. In September, 1922, the Green. Bay Lumber Company sold material to the said Leitzen, for which it acquired

a mechanic's lien on said real estate. On October 11, 1922, Leitzen mortgaged said premises to the Mapleton Trust & Savings Bank, to secure the sum of $1,500. This mortgage was duly recorded October 12, 1922, but was not indexed. On October 10, 1924, the bank assigned said mortgage to the appellant, and said assignment was duly recorded and indexed. In December, 1922, one Edgar secured a judgment against said Leitzen in the sum of $6,928.37. On December 23, 1923, this judgment was assigned by Edgar to the appellee Hoover. On or about the 21st day of August, 1924, the Green Bay Lumber Company commenced suit for the foreclosure of its mechanic's lien, making the said bank a party to said action. On September 3, 1924, it secured judgment against Leitzen for $776.43, and a decree foreclosing its mechanic's lien against said premises. Special execution issued, and the premises were sold at sheriff's sale on October 29, 1924, and bid in by the Green Bay Lumber Company for the amount of its claim and costs. The appellee Hoover, who is the assignee of the Edgar judgment, was not brought into said action until November 26, 1924; but on February 10, 1925, a supplemental decree was entered in said cause, fixing the amount that appellee should pay to effectuate redemption of the premises, it appearing that the judgment of the Green Bay Lumber Company included certain items that were not lienable. The amount of the judgment held by appellee had been reduced to $2,321.82. On May 22, 1925, the appellee redeemed from the judgment of the Green Bay Lumber Company, and deposited with the clerk the amount required to redeem the premises in question. At said time the appellee filed his affidavit, stating the nature of his lien and the amount due and unpaid thereon, and offered to credit the debtor with the sum of $2,300 on his judgment.

Thereafter, on July 28, 1925, the appellant, as assignee of the mortgage given to the bank, attempted a redemption from the judgment of the Green Bay Lumber Company. In making said redemption, the appellant paid to the clerk the amount due on the judgment of the Green Bay Lumber Company, and filed an affidavit stating the nature of his lien, and stating the amount due thereon to be $1,620. Subsequently, the appellee filed a resistance to appellant's claim to the right of

redemption. Issues were joined, which were somewhat informal, but which presented for the determination of the court the question as to whether or not appellant's attempted redemption was valid. On the day of trial, the appellant filed a reply admitting that an error had been made in his. affidavit filed at the time of making redemption, and that the amount actually due on his mortgage was $496.27, instead of $1,620. The court denied appellant the right of redemption, and decreed that appellee was entitled to sheriff's certificate of sale and to a deed thereon.

For the purposes of this case it may be conceded that all parties in interest were valid lien holders. The question to be determined arises solely between the two junior lien holders. The third lien holder redeemed first. The second lien holder attempted to redeem thereafter. The question is whether or not the second lien holder effectuated a valid redemption. ·

Section 11789, Code of 1924, is as follows:

"The mode of redemption by a lien holder shall be by paying into the clerk's office the amount necessary to effect the same, computed as above provided, and filing therein his affidavit, or that of his agent or attorney, stating as nearly as practicable the nature of his lien and the amount still due and unpaid thereon."

It must be conceded that appellant did not strictly and literally comply with this statute. He did not in his affidavit state as nearly as practicable the amount still due and unpaid on his lien. He stated in his affidavit that it was $1,620. In fact it was but $496.27.

In *Burns v. Hanby,* 184 Iowa 727, we considered the question of an attempted redemption where no affidavit was filed. We said:

"The question which has been mainly argued before us is whether the failure of the plaintiff to file the affidavit required by Section 4056 [Code of 1927, Section 11789] was fatal to the redemption. We are not prepared to hold that such an omission would be necessarily fatal to the redemptioner, if it were made to appear that the requisite facts were made to appear by the clerk in appropriate entries upon the sale book, or perhaps, if it were made to appear that the subsequent redemptioner had actual notice of the attempted redemption by the

first redemptioner, and the extent thereof. These saving facts, if such, are wanting in this case. To hold good plaintiff's redemption as made, would be to quite nullify Section 4056.''

In the case at bar it appears without dispute that an affidavit was filed, but it is conceded by the appellant that the affidavit was erroneous, in that it stated the amount due on appellant's claim to be $1,620, when in fact it was but $496.27. There is no evidence that appellee knew the true amount due on appellant's mortgage, nor was there record that apprised him of that fact. Was this affidavit a substantial compliance with the statute?

Undoubtedly, in order to effectuate a valid redemption, it is necessary that the redemption be made in substantial conformity to the provisions of the statute. *Burns v. Hanby,* supra; *Fortune v. Barnhart,* 199 Iowa 329; *Gates v. Ives,* 191 Iowa 851; *Myers v. Schwieger,* 190 Iowa 1016. There are no equitable facts and circumstances shown in the instant case that obviate the plain terms and provisions of the statute with regard to the manner of making redemption. Appellant attempted to comply with said statute, and did file an affidavit stating the character of his lien and the amount due thereon. In regard to the amount the affidavit was not only incorrect, but was clearly misleading. Whether the erroneous recital in the affidavit as to the amount due upon appellant's mortgage arose through mistake or was inserted with fraudulent intent is quite immaterial, as affecting the rights of the appellee as a junior redemptioner. There is nothing in the record that charged appellee with any knowledge of the true amount due on the mortgage, and his rights in the matter are governed by the record as made by the appellant. Obviously, if appellee, as a junior lien holder, had sought to redeem from the appellant's attempted redemption, he would have been compelled to pay, to effectuate such redemption, an amount greatly in excess of the amount in fact due to the appellant. It is contended that the appellee was not injured, because, when the appellant discovered the mistake in the affidavit, he filed an amendment to his reply in this case, stating the true amount that was due; but this was after the appellant's right to redeem had expired, and at a time when the rights of the parties to redeem had been fixed, under the statute, as the status then existed. Upon the record,

we are constrained to hold, and do hold, that the appellant failed to make redemption at the time and in the manner provided by law, and that the attempted redemption so failed to comply with the requirements of the statute as to be ineffectual and invalid against the rights acquired by the appellee as a junior redemptioner. The trial court did not err in denying the appellant's application to be permitted to redeem the premises, and the decree of the trial court must be, and it is, in all respects,—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.