GUARANTY LIFE INSURANCE COMPANY of Davenport, Plaintiff, v. G. W. SCHMIDT et al., Defendants.

F. E. VOGEL, Applicant, Appellant, v. CARL F. STRUB, Appellee.

No. 45314.

DECEMBER 10, 1940.

REHEARING DENIED MARCH 21, 1941.

Henry Negus, for appellant.

Dutcher, Ries & Dutcher, for appellee.

OLIVER, J.—This action is a special proceeding under section 11792, Code of 1939, relative to redemption rights to certain real estate in Johnson county, sold September 20, 1938, under special execution issued upon a judgment against the estate of G. W. Schmidt, deceased, which had been secured in the mortgage foreclosure suit above entitled.

The original holder of the sheriff's certificate of sale was one Englert, who later added thereto by affidavit certain taxes paid. Mrs. F. A. Vogel, who owned an established claim against the estate of G. W. Schmidt, then in course of probate in Johnson county, upon application to the district court, under Code section 11778, had been granted permission to redeem. Formal notice of said application was given the legal representative of the Schmidt estate, and Paul W. Schmidt, the sole heir, and Englert. Thereafter, on June 19, 1939, Mrs. Vogel paid into the clerk's office the amount necessary to make redemption from Englert. Englert accepted the payment from the clerk and assigned the sheriff's certificate of sale to Mrs. Vogel. However, Mrs. Vogel did not file in the clerk's office an affidavit stating the nature of her lien and the amount due and unpaid thereon.

On September 20, 1939, just prior to the expiration of the debtor's year of redemption, Paul W. Schmidt quitclaimed the real estate to Carl F. Strub. Thereupon Strub, as owner of the real estate, paid into the clerk's office the amount then

necessary to make redemption without including the Vogel claim or any part thereof. In the meantime, Mrs. Vogel had assigned the sheriff's certificate of sale to F. E. Vogel, who subsequently instituted this proceeding against Carl F. Strub. Trial to the court resulted in a finding that the Vogel redemption was not valid and that the Strub redemption was valid and sufficient. Decree was entered accordingly from which F. E. Vogel prosecutes this appeal.

Code section 11789 provides:

"Mode of redemption. The mode of redemption by a lienholder shall be by paying into the clerk's office the amount necessary to effect the same, computed as above provided, and filing therein his affidavit, or that of his agent or attorney, stating as nearly as practicable the nature of his lien and the amount still due and unpaid thereon."

The decree was based upon the noncompliance with this statute by Mrs. Vogel in failing to file the affidavit required by the foregoing statute.

It is the general rule that to effect a valid redemption substantial conformance to the provisions of the statute is necessary. We have held or indicated in a number of cases that the attempt of a lienholder to redeem without filing the required affidavit does not constitute substantial conformance to the statute. A purported redemption thus made leaves the redeeming lienholder in the position of an assignee of the sheriff's certificate of sale from whom redemption may be made upon payment to the clerk of the amount due on the certificate of sale, with interest, and no more. Burns v. Hanby, 184 Iowa 727, 169 N. W. 127; Fortune v. Barnhart, 199 Iowa 329, 200 N. W. 610; Gates v. Ives, 191 Iowa 851, 183 N. W. 406; Myers v. Schwieger, 190 Iowa 1016, 181 N. W. 246; Green Bay Lbr. Co. v. Leitzen, 204 Iowa 594, 215 N. W. 639.

One obvious reason for the requirement of this affidavit is that it enables a subsequent redemptioner to ascertain the exact amount necessary to make such subsequent redemption. Burns v. Hanby, supra, involves a purported redemption by a creditor in which there was a failure to file the affidavit. Subsequently the grantee of the execution debtor paid the clerk

only the amount necessary to redeem from the original certificate of sale. Such redemption by the owner was held valid and sufficient. This and other authorities above listed were cited with approval in Green Bay Lbr. Co. v. Leitzen, supra. That case was a contest between two junior lienholders. The lienholder whose right to redeem was questioned had filed an affidavit which stated an amount greatly in excess of the amount actually due on the lien. It was held that the purported redemption so failed to comply with the requirements of the statute as to be ineffectual and invalid as a redemption.

Appellant contends that redemptions by creditors are of two kinds: (1) those before nine months, and (2) those after nine months, and that the statute in question applies to the latter class only. Fry v. Warfield, Howell, Watt Co., 105 Iowa 559, 75 N. W. 485, and cases therein contained are cited as sustaining this proposition. These cases were decided under statutes which were in force prior to the Code of 1897, and which differ substantially from the present statutes. The effect of some of these changes is noted in Burns v. Hanby, supra. Jack v. Cold, 114 Iowa 349, 86 N. W. 374, refers to all the cases relied upon by appellant and points out their inapplicability under the more recent statutes. A detailed consideration of the differences between the earlier statutes and the later enactments need not be here attempted. It is sufficient to say the rule contended for by appellant is not now in effect and that this case is governed by Burns v. Hanby, supra, and the supporting cases above cited.

Appellant places some reliance in the following statements in the cases of Burns v. Hanby, 184 Iowa 727, at page 733, 169 N. W. 127, at page 129, and Green Bay Lbr. Co. v. Leitzen, 204 Iowa 594, at page 596, 215 N. W. 639, at page 640:

" 'We are not prepared to hold that such an omission would be necessarily fatal to the redemptioner, if it were made to appear that the requisite facts were made to appear by the clerk in appropriate entries upon the sale book, or, perhaps, if it were made to appear that the subsequent redemptioner had

actual notice of the attempted redemption by the first redemptioner, and the extent thereof.' "

The court did not decide the suggested legal proposition because, "These saving facts, if such, are wanting in this case." That is the situation in the case at bar also. The record here fails to show any entry upon the sale book relative to the amount of redemptioner's claim and fails to show that appellee had actual notice of the purported redemption.

Wherefore, the decree is affirmed.—Affirmed.

SAGER, MITCHELL, BLISS, MILLER, HAMILTON, STIGER, and HALE, JJ., concur.