WAKEFIELD v. ROTHERHAM ET AL.

1. **Redemption from Mortgage-foreclosure Sale:** MISTAKE OF CLERK IN COMPUTATION: RECTIFICATION AFTER EXPIRATION OF YEAR. Plaintiff was the owner of the land in question, and was entitled to redeem the same from a school-fund mortgage-foreclosure sale, at which the county was the purchaser; and he went to the clerk's office for that purpose, and paid the clerk the amount which he (the clerk) told him was necessary to effect the redemption. But by an error in the clerk's computation that amount was too small by about six dollars. Afterwards, and before the expiration of the year for redemption, defendant procured the certificate of purchase from the county, and subsequently obtained a sheriff's deed thereon. *Held* that the deed and certificate were properly canceled by the decree of the district court, upon plaintiff's petition, and that plaintiff was entitled to perfect his redemption by paying such additional sum as, added to the amount first paid, would be equal to the amount for which the land was sold, with ten per cent interest thereon from the day of sale to the date of such final payment.

*Appeal from Cass District Court.*

THURSDAY, DECEMBER 10.

THIS is an action in equity to cancel and set aside a deed to certain real estate executed by the sheriff of Cass county to the defendant Rotherham; also to cancel an assignment by the defendant Cass county to said Rotherham of the certificate of sale under which said deed was executed, and to establish the validity of a redemption of the premises from the sale by plaintiff. The judgment of the district court was for plaintiff. Defendants appeal.

*L. L. De Lano*, for appellants.

*Temple & Phelps*, for appellee.

REED, J.—During her life-time one Bridget Fahey was the owner of the real estate in question, and she executed a mortgage upon it to Cass county to secure an indebtedness to the school-fund. After her death it was sold by the administrator of her estate for the payment of the debts of the estate, and plaintiff was the purchaser. Before this sale the county had obtained a judgment foreclosing the school-fund mortgage, and after the administrators's sale the property was sold on a special execution issued on the judgment of foreclosure, and the county bought it in. This sale was on the twenty-second of November, 1881. In July, 1882, plaintiff went to the clerk's office for the purpose of redeeming the land from the execution sale. A computation was made by the clerk, by the direction of the attorney who appeared for the county in the foreclosure proceedings, of the amount which was required to be paid in making the redemption, and plaintiff was then informed that the amount required was $379, and he paid this amount to the clerk, who gave him a receipt therefor, in which it is recited that the money was paid in full redemption of the land from said sale. As a matter of fact, however, the amount paid by plaintiff was about six dollars less than the amount for which the county had bought in the property, together with the interest thereon from the date of the sale, and it does not appear that the county has ever accepted the amount so paid by plaintiff. The school-fund judgment was not fully satisfied by the sale of the land. On the twentieth day of November, 1882, the defendant Julia Rotherham paid to the clerk the full amount for which the county had bid in the land, together with ten per cent interest thereon from the date of the sale, and he entered a receipt therefor in the judgment docket, in which it is recited that the money was paid in redemption of the land from the

sale under the special execution; and on the next day she paid to the county auditor the balance remaining due on the school-fund judgment after the sale of the land, and he assigned to her the certificate of purchase which the sheriff issued to the county at the time of sale, and on the twenty-third of the same month the sheriff executed to her a deed of the premises.

Plaintiff alleges in his petition that his failure to pay the full amount required to be paid in making the redemption was owing to the mistake of the clerk or county attorney in making the computation, and he offered to pay into court for the use of the county whatever amount should be found necessary to complete the redemption.   By the judgment he was required to pay $7.10, in addition to the amount which he had already paid, and the judgment provides that upon the payment of that sum the title to the premises should be quieted in him.

No question is made as to plaintiff's right to redeem the property at the time he paid the $379 to the clerk; nor is it claimed that defendant Rotherham has any other or higher rights than the county would have had if it had retained the certificate of purchase, and the sheriff's deed had been made to it.    But the question upon which the rights of the parties depend is whether plaintiff can now be permitted to perfect the redemption by paying the balance of the money required to be paid in redeeming the property.    The terms upon which real estate may be redeemed from a sale under execution, and the mode of making the redemption, are prescribed by statute.    The property may be redeemed by the owner at any time within one year.   Code, § 3102.   The terms of redemption in all cases will be the reimbursement of the amount paid by the then holder of the certificate, added to the amount of his own lien, with interest upon the whole at the rate of ten per cent per annum.   Section 3106.   The mode of making the redemption is by paying the money into the clerk's office for the use of the person entitled thereto; (section 3118;) and the clerk is required to give the redemp-

tioner a receipt for the money, stating the purpose for which it was paid, and to enter in the sale-book a minute of the redemption and of the amount paid.    Section 3119.

Appellants contend that by the provisions of these sections the clerk is charged with no duty with reference to the redemption of the property, except that of receiving the money which is paid, and issuing the receipt therefor, and making the prescribed entry in the sale-book, and that it is the business of the redemptioner, and not of the clerk, to determine what amount is required to be paid in order to effect a redemption, and that, as plaintiff chose to act upon the information which was communicated to him, he assumed the risks as to its correctness, and is therefore responsible for the mistake which occurred, and hence is not entitled to be relieved against it.    It is certainly true that plaintiff could redeem the land from the sale only by paying to the clerk the amount at which the county bought it in, with ten per cent interest thereon from the date of the sale to the date of the redemption; and it will be conceded that it was his business to determine what that amount was, and that the clerk was not charged with the duty of ascertaining or determining it, in the sense that his determination of it would be conclusive, of the rights of the parties.    It does not follow, however, that plaintiff is not entitled to relief against the mistake which occurred in the computation of the amount.    The payment was required to be made to the clerk, and he is the custodian of the record of the sale.    This record would ordinarily have to be examined in determining the amount which must be paid to effect a redemption.

Plaintiff went to the clerk's office for the purpose of ascertaining this amount and of paying it to the clerk.    In accepting the statement of the clerk as to the amount, he did simply what the majority of ordinarily prudent men would have done under like circumstances.    He was guilty of no negligence in the matter.    He paid the amount which he honestly believed was sufficient to make the redemption.    His inten-

tion was to redeem the property, and he left the office believing that he had effected a redemption, and he knew nothing to the contrary until after the expiration of the year within which, by the provisions of the statute, the right to redeem might be exercised. The right of redemption is a valuable one, and, although statutory, it is favored by the law, and to hold that it was defeated by a trivial mistake like the one in question would be to ignore the spirit of the statute which created it. We think the district court rightly held that under the facts of the case the redemption might be completed after the expiration of the year allowed by statute.

The amount which plaintiff, by the judgment of the district court, was required to pay in perfecting the redemption was the difference between $379 and the amount required to make the redemption at the time the payment was made, with ten per cent interest on that sum to the date when paid. Appellants contend that, as the redemption was not perfected by the deposit of the $379 with the clerk, plaintiff should have been required, in perfecting it, to pay such sum as, added to the $379, would amount to the sum at which the county bought in the land, with ten per cent interest thereon to the date of the final payment, and we think this position is correct. The county could not have accepted the $379 without thereby admitting that the deposit of that sum with the clerk effected a redemption of the property. It can hardly be said, then, that the money was held by the clerk for the use of the county. It was held rather for plaintiff's benefit.

The cause will be remanded to the district court, with directions to so modify the judgment as to require plaintiff in perfecting the redemption to pay the amount at which the county bought the land, with ten per cent interest thereon up to the time of final payment; or, if the parties so elect, such modification will be made in this court. The costs of the appeal will be taxed to appellants.

MODIFIED AND AFFIRMED.