HINTRAGER v. MAHONEY *et al.*

1. **Tax Sale:** REDEMPTION FOR TOO SMALL A SUM: MISTAKE OF OFFICER: NEGLECT TO PAY BALANCE ON DEMAND: EFFECT. When the owner of land sold for taxes applies to the proper officer to learn the amount necessary to redeem, and, upon being told the amount, pays it and takes a certificate, that is a redemption in law, though the amount demanded and paid is too small; and the tax purchaser's remedy is against the officer. And even though the officer, after discovering the mistake, informs the owner thereof and demands the difference, and the owner refuses to pay the same, still the redemption is valid, and a subsequent deed issued to the purchaser is void.

2. **Appeal:** WAIVER BY PAYING JUDGMENT. The right to maintain an appeal is waived by the appellant's paying the judgment appealed from.

*Appeal from Dubuque District Court.*—HON. C. F. COUCH, Judge.

FILED, OCTOBER 18, 1889.

ACTION to quiet title of real estate. From a judgment for defendants, plaintiff appeals.

*Powers & Lacy*, for appellant.

*Utt Bros.*, for appellees.

GRANGER, J.—The controversy involves the title to certain lots in the city of Dubuque. The basis of the plaintiff's title is a tax deed signed by the treasurer of said city. When the lots were sold for taxes, D. A. Mahoney and others were the owners, as heirs to C. Mahoney, deceased. Within the statutory period for redemption, D. A. Mahoney paid to the proper officer the amount claimed, and received a certificate of redemption. Some years thereafter the city treasurer issued to plaintiff a deed in pursuance of the sale for taxes. Plaintiff in this proceeding seeks to

quiet the title to lots by virtue of his deed, and to avoid the effect of defendant's certificate of redemption, by showing that, at the time of the redemption, Mahoney did not pay the amount necessary to redeem, and afterwards neglected to make such payment, when requested by the city treasurer to do so.    We think it must be conceded that the requisite amount was not paid.    The record, in this respect, hardly admits of a question. The particular facts, in brief, are that Mahoney went to the treasurer, and asked the amount necessary to redeem.    The treasurer examined the books, and stated the amount, which was paid without question.    Mahoney took no part in the examination of the books, and wholly relied on the information given him by the treasurer as to the amount to be paid.    The amount necessary for redemption was $63.70, and the amount actually paid was $47.29.    No question of fraud or deception is made as against Mahoney.    Within a month after the redemption, the treasurer notified Mahoney of the mistake, and requested him to make the additional payment, which he neglected to do.    No effort was made to set aside or avoid the redemption; but the treasurer, because of the deficiency in payment, treated the redemption as of no effect, and made the deed to the plaintiff.

The record presents the question whether a treasurer's deed, under such circumstances, is valid to convey title. The specific point urged in argument is that there was a "redemption, or no redemption;" and, as we understand, if a redemption, no deed could issue.    If no redemption, then the deed could issue.    If the expression is designed for acceptance without qualification, its correctness might be doubted; that is, if counsel claim that a redemption that would save the issuing of a deed must be one that could not be set aside because of defects in a proceeding, we are not at present prepared to accept it as a correct expression of the law.    A person desiring to redeem land from a sale for taxes must apply to the officer designated by law; the amount necessary for redemption must be determined from calculations based upon *data* from books or records of the

office; and, of necessity, the question of amount must be determined by the officer. In this respect he must act for the tax-sale purchaser and the redemptioner. The laws prescribing the forms and methods for redemption are enacted in the light of the existing facts that many persons applying to redeem are not competent to make the calculations, nor to ascertain from the records the *data* necessary therefor; and an attempt so to do would result in confusion and failure. Many who are competent to make the calculations with the proper *data* are unfamiliar with the records of the office; and an attempt to trace the records would be impracticable, and often a serious impediment to the business of the office. The case of *Corning Town Co. v. Davis*, 44 Iowa, 622, may be profitably consulted, on this branch of the case, as to duties of officers, and reliance thereon. Now, when a party entitled to redeem applies to the proper officer, and asks for the proper amount to redeem, and, upon information, pays it, and takes his certificate, and, by mistake of the officer, the amount paid is too small, is it a redemption?

Barring one feature of the case to be hereafter noticed, the supreme court of Pennsylvania seems to have had the same question before it. In the case of *Bubb v. Tompkins*, 47 Pa. St. 359, by mistake of the officer, subsequent taxes paid by the purchaser were not included in the redemption. This is the mistake that the appellant claims that the officer made in the case at bar. The court held that this was a complete redemption, and divested the lien, and that the deed which afterwards issued was void. The court said: "We think this land was well redeemed. The owner came in the proper time to the proper officer, and offered to pay all charges that were against the land ; and it was by mistake of the officer that he did not pay all. His redemption is not invalidated by the mistake of the public officer. It was very natural to trust him. Most people do so, and the law cannot declare such trust wrong. If the purchasers did not get all they are entitled to by the redemption, their remedy is against

the treasurer." The same question was again before that court in the case of *Price v. Mott*, 52 Pa. St. 315, and the case of *Bubb v. Tompkins* was cited and approved. The case of *Dietrick v. Mason*, 57 Pa. St. 40, is also directly in point. In that case the officer also accepted a less sum than was necessary to redeem, and a deed issued, and it was held that the deed was void. The court said: "But it seems that in making out the statement the treasurer by miscalculation made it $1.58 less than the true amount. It is argued that Dart and Fitch were bound to render the full amount, and that no duty lay upon the treasurer except to receive what might be offered him. This is not the law. The parties acting in the redemption are the owner and the officer. The owner must apply for the redemption, but the treasurer must furnish him with the means of making his tender. The treasurer is the legal custodian of the books, and the entries of the taxes and costs, containing the information necessary to know the same to be tendered. This information it is his duty to give, and he cannot even simply lay the books before the owner, and compel him to search them for himself. The knowledge of the latter may not be adequate to find what he needs. It is therefore the duty of the treasurer to state the taxes and costs to be paid, and, if he misstate the amount, his miscalculation or omission shall not defeat the redemption. The owner, having called for the amount, and paid all demanded for the redemption, cannot be involved in the loss of his land by the mistake of the officer; but the treasurer must make good the deficiency to the purchaser. The same principles apply to taxes subsequent to the sale."

The criticism by appellant upon these cases as authority is that "there was no negligence or fault of the fee-owner. It was entirely the fault of the officer." We must infer that, but for the fault or negligence urged as against appellees, the cases would be good authority. Now, the fault or negligence on the part of appellees is the failure to make the additional payment when notified of the mistake after the redemption.

There is no pretense of fault or negligence on the part of Mahoney at the time of redemption, or that he knew of a mistake in amount till notified thereafter. If, then, there had been no notice to Mahoney, and a failure to pay, the cases cited and the one at bar would be parallels on principle, and the redemption valid. We must, then, meet the question whether a valid redemption will be avoided by a mere notice by the officers to the redemptioner that there was a mistake in the amount paid, and a request for payment refused. The dangers to be reasonably anticipated from the establishment of such a rule are too manifest to require reference. If a certificate may be thus avoided within one month, may it not be done within a year, or five or ten years; and, in the meantime, what is the condition of the land as to title? If, upon such notice, for any reason, the redemptioner refused payment, the deed may issue, and, with uncertainties as to an actual liability for payment, his land is lost, or at best the title involved.

It is urged with much earnestness that it is the payment that constitutes the redemption, and, inferentially, that it must be the full amount required by law, and that without such payment there can be no redemption. We can add nothing to the force of the Pennsylvania cases on that subject. They appear to be directly in point, and very conclusive in argument. There can be no controversy with the quotation from Blackwell on Tax Titles, to the effect that it is the payment that makes the redemption ; but when the party applies for redemption, and makes the payment demanded, he has answered the full spirit of the law as cited. The query is submitted, would there be a redemption if the treasurer issued a certificate without any payment? The facts in such a case would be so widely different as to divest it of all applicability to the case in hand. As bearing on the argumentative force of the query, it may be said to be at least doubtful if, with the certificate issued, and the record disclosing a redemption, the deed could issue without some proceeding for its correction. It seems to us, both on authority and reason, that, when the certificates issued, there was such a redemption as would

prevent the issuing of a deed, and that the refusal to pay the deficiency when notified by the treasurer did not avoid the redemption.

In the district court the amount necessary to redeem fully at that time was ascertained, and, as a condition

2. APPEAL: waiver by paying judgment. upon which the decree favorable to defendants was entered, they were to pay the ascertained amount into court for plaintiff within a specified time. From that part of the judgment the defendants appealed. However, within the required time, the amount was paid. The payment was a performance of the judgment, and from a judgment which had been performed an appeal will not lie ; and hence the defendants' appeal is dismissed. On plaintiff's appeal the case is AFFIRMED.