W. J. Dixon Lumber Company, Appellant, v. G. E. Cole et al., Appellees.

No. 40687.

November 24, 1931.

Gilchrist & Gilchrist, for appellant.

Whitney, Whitney & Stern, for appellees.

Morling, J.—Mrs. Pike was the owner of a life estate in the lot in question. The lot was subject to a mortgage. The mortgage was foreclosed and the lot sold at execution sale on December 11, 1926. Plaintiff acquired the sheriff's certificate of sale. On December 5, 1927, Mrs. Pike signed a quitclaim deed of the lot to the defendant. The deed was placed in the hands of Attorney Hogan for delivery on receipt of $200. Defendant agreed to pay Hogan $200 and on December 10, 1927, left the money with a banker for the deed. On the same date, December 10, 1927, Hogan handed the deed to the banker. The banker told Hogan he would deliver the $200 when Hogan would deliver to the banker a sheriff's deed. The banker held the $200 and Mrs. Pike's quitclaim deed. On the same date, December 10, 1927, defendant gave his check for the amount required to make redemption—$552.11. Mr. Hogan received this check, and on the same date handed it, or the currency, to the clerk

of the district court to make redemption for Mrs. Pike. The same date the clerk gave to defendant receipt for the $552.11 "in payment of redemption by Mrs. Frances A. Pike in the above (mortgage foreclosure) case," and the same date, December 10, 1927, gave certificate that Frances A. Pike "has this date redeemed from sheriff's sale by payment in full of judgment, interest and costs" the lot in question, stating the amount and referring to the execution. The same date the clerk notified plaintiff that Mrs. Pike had redeemed and requested plaintiff to return the certificate of purchase for cancellation at once, stating that on receipt of the certificate he would immediately forward to plaintiff the amount, $552.11. Plaintiff made assignment of the sheriff's certificate to Mrs. Pike and received from the clerk the redemption money, $552.11. On December 21, 1927, sheriff's deed was executed to Mrs. Pike. On December 24, 1927, the bank issued its draft to Mrs. Pike for the $200, which evidently was paid in due course. On December 31, 1927, plaintiff made to the clerk a written statement and tender back of the $552.11. The statement was that on December 10th pretended redemption was made on behalf of or in the name of Mrs. Pike; that plaintiff believed that legal redemption had been made by her, but had since discovered that Mrs. Pike did not make or authorize the redemption but that it was made in her name by a mere interloper; that plaintiff would not have accepted the redemption if it had known the facts; that it relied upon the record and would not have accepted the money "except for a fraud practiced by some person unknown to the undersigned which fraud consisted in such person pretending to represent the said Frances Pike and pretended to make redemption for her and on her account." By the statement the defendant asked the clerk to receive the $552.11 for the benefit of whoever was entitled to it and demanded that the redemption proceedings be cancelled and demanded sheriff's deed. Thereafter this suit was brought.

Plaintiff contends that the quitclaim deed was not delivered until after the time for redemption had expired; that at the time it expired the grantor had nothing to convey; that defendant did not redeem or claim to redeem for himself; was not entitled to redeem and had no authority to redeem in behalf of Mrs. Pike, and no redemption by her was made.

It is not disputed that Mrs. Pike, the owner of a life estate, had the right to make redemption and that such right was assignable. On December 10, 1927, Mrs. Pike and defendant between them had the right to redeem. If they undertook to redeem, plaintiff had no right to resist if he was paid the required amount, $552.11. That amount was paid. Plaintiff received it and assigned the sheriff's certificate to Mrs. Pike. Mrs. Pike and defendant, between them, did redeem. Whether, as between Mrs. Pike and defendant, defendant paid his money as agent for Mrs. Pike, or whether as to her he in making payment and redemption was a mere volunteer and what their rights would be as between themselves were matters in which the plaintiff had no interest. The plaintiff had its money. Mrs. Pike and defendant were neither of them disputing the validity of the payment, or of the redemption. They settled between themselves their rights and Mrs. Pike accepted from defendant the amount which she had agreed to receive for the deed. She thereby adopted the transaction that was ostensibly as well as in fact made for her benefit. The plaintiff if up to that time it had any right of withdrawal had not exercised it. The debt to plaintiff represented by the sheriff's certificate of sale was discharged, and whether discharged by a stranger or volunteer or an agent without authority was immaterial so far as plaintiff was concerned. Braun v. Cox, 202 Iowa 1244; Owen v. National Hatchet Co., 147 Iowa 393; Harrison v. Hicks, 1 Porter (Ala.) 423, 27 Am. Dec. 638. Plaintiff is without interest in the premises in controversy.

This conclusion renders it unnecessary to discuss many other interesting questions argued by counsel.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.