JOHN E. JOHNSON et ux., Appellants, v. BOARD OF SUPERVISORS OF JEFFERSON COUNTY et al., Appellees.

No. 46920.

OCTOBER 15, 1946.

Ralph H. Munro, of Fairfield, for appellants.

Booker Smith, of Fairfield; for Board of Supervisors of Jefferson County; John M. Rankin, Attorney General, and Henry W. Wormley, Special Assistant Attorney General, for Iowa State Tax Commission, appellees.

GARFIELD, C. J.— ▇ The question presented is whether one or both of the plaintiffs are the owners of the homestead in question within the meaning of section 425.11 (2), Code, 1946 (section 6943.152, Code, 1939).

The case comes to us upon a ruling sustaining the Tax Commission's motion to dismiss plaintiffs' petition. Of course the effect of the motion was to admit the facts pleaded in the petition. We must, therefore, accept such facts as true.

The petition alleges that plaintiffs, husband and wife, have owned and occupied the described real estate as their

home since May 3, 1926, and received homestead tax credit thereon for several years last past until defendant Tax Commission gave notice that such credit had been disallowed because the title to the property "was shown of record to be in the names of two persons not blood relatives"; that plaintiffs "were the purchasers and owners and the persons who have actually owned and occupied said * * * lands continuously since May 3, 1926," but that title was taken in the name of plaintiff John E. Johnson and William Rivey because plaintiffs were unable to pay all the purchase price, and Rivey holds title to an undivided half of said real estate solely to secure him for that portion of the purchase price which he loaned plaintiffs; that Rivey is a brother of plaintiff, Mrs. Johnson, and his title to the undivided half interest "is in fact only a mortgage on said property."

The Tax Commission's motion to dismiss alleges the petition shows on its face that John E. Johnson and William Rivey are owners of the property and since they are not blood relatives they do not fall within the definition of "owner" found in section 425.11(2), Code, 1946; also that the petition shows on its face plaintiffs are not owners as provided by said statute.

Insofar as applicable here, the act in question defines "owner" thus (section 425.11, Code, 1946):

"2. The word, 'owner' shall mean the person who holds the fee simple title to the homestead, and in addition shall mean the person * * * occupying the homestead under a deed which conveys a divided interest where the other interests are owned by blood relatives or by legally adopted children."

The trial court held in effect that the portion of the above quotation which follows the omission is the only provision of this statute under which plaintiffs could possibly qualify as "owners," but it is not applicable here because John E. Johnson and William Rivey, while each owns a divided interest, are not blood relatives. Plaintiffs' claim of exemption was therefore denied.

In determining whether one or both of the plaintiffs are "owners" in order to be entitled to the desired credit, we

are bound by the statutory definition above quoted. Eysink v. Board of Supervisors, 229 Iowa 1240, 1245, 296 N. W. 376, 378. We have held the act in question should be strictly construed and those claiming exemptions thereunder must show themselves entitled thereto within the purview of the act. Ahrweiler v. Board of Supervisors, 226 Iowa 229, 231, 283 N. W. 889, 890, and cases cited; Eysink v. Board of Supervisors, supra. See, also, 51 Am. Jur. 526, section 524. This rule of strict construction does not mean that we are not to ascertain, if possible, the true meaning of the language used in the statute. 51 Am. Jur. 531, 532, section 528.

We understand defendants to concede in argument that if plaintiffs held the legal title to their homestead in common they would qualify as owner, since it would then be the legislative intent that they be entitled to the benefits of the act. Defendant Commission calls attention to an opinion of the attorney general to this effect issued June 25, 1937, and tells us it has allowed the credit since that date where husband and wife own the homestead in common. This administrative practice has not been changed by any of the four legislative sessions since 1937.

Partly in view of this concession, we think it may fairly be said that plaintiffs qualify as owner under the first clause in section 425.11(2) as persons who hold "the fee simple title to the homestead." We think it unimportant, as applied to a case where both husband and wife own the homestead, as the petition here alleges, that the statute uses the singular term "owner."

A "fee simple" estate is one by which the owner holds lands to himself and his heirs forever, without mentioning what heirs, but referring that to his own pleasure or to the disposition of the law. The estate may be either legal or equitable, since the term "fee simple" is not used to distinguish between legal and equitable estates but is used to denote the quantity or duration of estates, whether the enjoyment is limited or unlimited in duration. 31 C. J. S. 18, 19, section 8; 19 Am. Jur. 472, 473, section 14. At common law the term "fee simple" was used in contradistinction to such terms as

"fee tail," "life estate," or "term for years." 19 Am. Jur. 470, 471, section 12. We have no reason to doubt that the legislature here used the term "fee simple" in much the same sense.

The substance of the classic definition of "title" is: the means whereby the owner has the just possession of his property. Black's Law Dictionary, Third Ed., 1733; Bouvier's Law Dictionary (1934), Baldwin's Century Ed., 1179; Henderson v. Beatty, 124 Iowa 163, 167, 99 N. W. 716. But "title" is frequently used to mean ownership. 41 Words and Phrases, Perm. Ed., 673, 674. See, also, Scofield v. Moore, 31 Iowa 241, 245.

If, as frequently held, a "fee simple" estate may be either legal or equitable and "title" may be synonymous with ownership, then plaintiffs, under the admitted allegations of their petition, are the persons who hold "the fee simple title to the homestead" under section 425.11(2).

Rivey holds the naked legal title to an undivided half interest for the sole purpose of securing him for that part of the purchase price he loaned plaintiffs. But under repeated holdings, as the petition alleges, Rivey's interest is only that of mortgagee. Plaintiffs not only hold the "title," in the sense that they are owners, but they hold the equitable title—that is, the right to have the legal title transferred to them by discharging their debt to Rivey. See 50 C. J. 782, 783, section 57; Black's Law Dictionary, Third Ed., 1734.

Defendants tell us that Rivey's interest is not that of a mortgagee because the deed to him came from the person who sold to plaintiffs and not from plaintiffs themselves. The point is without merit. We have held contrary to defendants' contention in several cases. Davis v. Wilson, 237 Iowa 494, 499, 21 N. W. 2d 553, 557, and cases cited.

If Rivey's interest were in name as well as in fact that of mortgagee it could scarcely be claimed that plaintiffs were not, by reason of the encumbrance against their property, entitled to the homestead credit. The homestead surely need not be unencumbered to be entitled to the credit. A mortgagee, in this state, has no estate in the land but simply a specific lien or charge thereon to secure his debt. Adams v. Holden,

111 Iowa 54, 60, 82 N. W. 468; McHenry v. Cooper, 27 Iowa 137, 144; Newman v. De Lorimer, 19 Iowa 244, 246. It would seem that plaintiffs' rights should be held to be precisely the same as if they held the legal title and the deed to Rivey were in name as well as in fact a mortgage.

We are warranted in giving some consideration to the purpose of the act as stated therein and as previously recognized by us. That purpose was to encourage and increase ownership and occupation of homesteads; the legislature realized the social and material benefits to the public at large from such ownership and occupation. Ahrweiler v. Board of Supervisors, supra, 226 Iowa 229, 233, 283 N. W. 889. Clearly plaintiffs are owners within the purpose of the act.

Even though, as stated, the statute is to be strictly construed, we are not called upon to adopt a strained construction nor one so narrow and restricted as to defeat the apparent legislative purpose. 51 Am. Jur. 531, 532, section 528.

Our conclusion finds support in this language from First Nat. Bk. v. Moon, 102 Kan. 334, 344, 170 P. 33, 37, L. R. A. 1918C, 986, 992:

"The next question is: What deductions on account of investments in real estate may be made? This is a compound question.

"The tax law specifies real estate held by fee-simple title. This means full and unconditional ownership in fact. Should real estate be taken in satisfaction of a debt, it would make no difference that title was taken, for convenience, in the name of some officer or employee of the corporation. * * * The real estate would belong to the bank by title in fee simple, within the meaning of the law. Real estate deeded to the bank by warranty deed, but in fact for security only, would not be held by title in fee simple."—Reversed.

OLIVER, HALE, BLISS, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.