ALFRED OLSON, Appellant, v. C. H. SIEVERT and C. H. SIEVERT, Administrator, Appellees.

C. H. SIEVERT, individually and as administrator, Appellees, v. WILLIAM BERNDT et al., Appellants.

No. 47085.

DECEMBER 16, 1947.

Lane & Waterman, of Davenport, for appellants.

Wells & Brubaker and Clark O. Filseth, all of Davenport, for appellees.

OLIVER, C. J.—Dr. C. H. Sievert owned a residence property upon which he had placed two mortgages. The first mortgage was foreclosed and the property sold at execution sale April 17, 1945. Six months thereafter William Berndt, who held the second mortgage but was not a party to the foreclosure suit, made redemption from such sale, as a lienholder, by paying into the clerk's office the proper amount and filing affidavit of his lien. See section 628.18, Code of Iowa, 1946.

A few days before the expiration of the debtor's year of redemption Dr. Sievert informed Attorney Clark O. Filseth, who had represented Sievert in other matters, that he had been unable to secure money to make redemption. Dr. Sievert was then in ill health, was confused about the foreclosure, and apparently was unable to realize the necessity of prompt action to save his property. Filseth proposed he would advance the money and make redemption as attorney for Dr. Sievert, and that Dr. Sievert deed the property to him as security therefor, and it would be reconveyed to Dr. Sievert upon repayment of such advancements.

About 3 p. m., April 16, 1946, Dr. Sievert returned to the Filseth office and said he would sign the deed. Filseth thought that might be the last day for redemption. Accordingly, a warranty deed to Filseth was hurriedly prepared, was executed by Dr. Sievert, and was filed for record at 3:45 p. m. At the same time Filseth, who was then county attorney, sent an assistant county attorney to the clerk's office to "obtain the figure" necessary to redeem. The assistant returned with a written statement made by a deputy in the clerk's office showing this to be $1,155.84. At 4:35 p. m. Filseth paid this amount. The deputy clerk made the following entry: "Received from C. H. Sievert by Clark O. Filseth, his attorney the sum of $1155.84, for redemption of first mortgage." (Signed, clerk by deputy.)

April 18th the deputy clerk discovered and advised Filseth she had overlooked the second mortgage in computing the

amount necessary to redeem. Filseth told her his intention was to make redemption in full and he would do anything necessary to complete it. On the same day he sent the clerk $414.68, the amount due on the second mortgage as shown by the affidavit of Berndt. The following day a $15 error in interest was discovered and Filseth paid the clerk this amount.

April 18th Berndt demanded sheriff's deed. His right thereto was contested and trial was had upon the question of redemption. See section 628.21, Code of 1946. The court adjudged Dr. Sievert had made redemption. Berndt was ordered to accept the amount held by the clerk, plus additional interest to the date of such judgment. Berndt has appealed.

I. Appellant contends that because the deed from Dr. Sievert to Filseth was recorded no one other than Filseth had the right to redeem. The redemption statutes provide the debtor or his assignee may redeem. Code sections 628.3, 628.25. The word "titleholder" is employed in the same connection. Section 628.13. The word "defendant" is also used. Section 628.16. There is no statutory requirement that instruments showing the right of the debtor or his assignee to redeem be recorded. Hence, recordation is not essential to its establishment. Such right depends upon actual status.

Nor do the recording acts affect the rights of these parties in this controversy. Appellant was not a subsequent purchaser for a valuable consideration, within the purview of Code section 558.41. He was merely a prior lienholder. Kleinsorge v. Clark, 232 Iowa 313, 316, 4 N. W. 2d 433, and citations; Dolan v. Midland Blast Furnace Co., 126 Iowa 254, 256, 100 N. W. 45. His contention that he was "entitled to rely on the recording statute" is not well founded.

II. Appellant asserts the redemption was ineffective because made by Filseth (as attorney) for Dr. Sievert instead of for Filseth himself. Appellant argues the deed from Sievert to Filseth vested legal title in the latter regardless of any oral agreement between such parties. With this contention we do not agree. Appellee had the right to establish by parol the true agreement between Filseth and himself to show he (Dr. Sievert) was the titleholder with right of redemption from the execution sale. Kleinsorge v. Clark, 232 Iowa 313, 316, 4 N. W.

2d 433; Bradford v. Helsell, 150 Iowa 732, 735, 130 N. W. 908; McElroy v. Allfree, 131 Iowa 112, 108 N. W. 116, 117 Am. St. Rep. 412; Foster v. Rice, 126 Iowa 190, 101 N. W. 771. See, also, Johnson v. Board of Supervisors, 237 Iowa 1103, 24 N. W. 2d 449.

The record conclusively shows the conveyance by Dr. Sievert to Filseth was made for the sole purpose of securing advances thereafter to be made by Filseth to redeem the property and save it for Dr. Sievert. The deed was merely an equitable mortgage and did not convey the property to Filseth. Hence, redemption in the name of Dr. Sievert was proper.

Furthermore, this court has held that redemption in the name of a debtor who has parted with all interest in the land may be valid. In Dixon Lumber Co. v. Cole, 213 Iowa 554, 239 N. W. 131, the titleholder executed and placed in escrow with a banker a quitclaim deed to the property. The grantee, after conditional deposit of the purchase money, but prior to delivery of this deed, made redemption in the name of the titleholder. The court stated that between them they had the right to redeem and the certificate holder had no right to resist. In Harvey v. Spaulding, 16 Iowa 397, 398, 85 Am. Dec. 526, the debtor had conveyed the land with covenants against encumbrances. The court held he could make redemption, stating:

"The question gives us no trouble. The statute expressly provides that the judgment debtor 'may redeem at any time within one year from the day of sale.'"

The statutory language quoted in the cited case now appears in section 628.3, Code of 1946.

III. Appellant contends the redemption was ineffective because the amount paid the clerk before expiration of the redemption period was insufficient. The record shows this was due to mistake on the part of the deputy clerk and that the deficiency was promptly paid when the deputy clerk discovered her mistake. The trial court found appellee and his attorneys acted in the utmost good faith in attempting to make the redemption within the time allowed by law, and that under all the facts and circumstances shown, their failure to discover the error of the deputy clerk was not negligence.

We agree with this finding. The situation here is analogous to that in Wakefield v. Rotherham, 67 Iowa 444, 25 N. W. 697, in which the titleholder relied upon the statement of the clerk as to the amount necessary to redeem and in good faith paid the clerk that sum. The court pointed out that the right of redemption is favored by the law and held the titleholder was not negligent in accepting the computation of the clerk.

Under the circumstances shown in the record in this case, we conclude the court properly held the redemption might be completed after the expiration of the year provided by statute. —Affirmed.

BLISS, HALE, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.