**MILWAUKEE WESTERN BANK,**
Appellee,

v.

**The CEDARS OF CEDAR RAPIDS, INC.,**
a Corporation, Appellant.

**No. 53580.**

Supreme Court of Iowa.

Sept. 16, 1969.

———◆———

Lloyd E. Humphreys, Cedar Rapids, for appellant.

Barnes, Wadsworth, Elderkin, Locher & Pirnie, Cedar Rapids, for appellee.

BECKER, Justice.

This case comes to us on appeal from an order refusing a post judgment application to extend time to redeem after a mortgage foreclosure. The order also dissolved a temporary injunction which had prohibited resale of the foreclosed property. The corporate defendant-mortgagor had made the application and secured the injunction. After hearing and adverse ruling, it appeals. We affirm, except as to allowance of attorney fees.

Defendant, The Cedars of Cedar Rapids, Inc., is a one-man Iowa corporation, wholly owned by Russell J. Lesperance. It was the sole owner and developer of a real estate-apartment development called The Cedars of Cedar Rapids. On September 28, 1964, defendant borrowed $600,000 on a note secured by mortgage from Iowa Securities Company. In due course the mortgage was assigned to plaintiff, Milwaukee Western Bank. On March 24, 1967, plaintiff started action to foreclose the mortgage alleging defendant had failed to make payments according to the tenor of the security. Defendant filed answer denying it was in default. Several junior lienholders, including a second mortgagee, a third mortgagee and eight mechanic's lienholders were also made parties defendant. On application by plaintiff a receiver was appointed and the property was managed by the receiver pending litigation.

While litigation was pending, Mr. Lesperance expressed a desire to see all creditors paid. The record states: " * ' * * Mr. Lesperance testified to an agreement between the plaintiff and The Cedars whereby The Cedars and the general contractors would be relieved of all claims against it and the plaintiff would settle such claims in exchange for a Quit Claim Deed to the property."

Defendant offered to have the corporation withdraw its defense, allow foreclosure and waive its right of redemption if a new buyer could be found who would satisfy all creditors. The offer was made in writing, dated January 8, 1968, with appropriate supporting documents and limited in time to February 20, 1968.

Also, on January 8, 1968, Thomas H. Pirnie, a partner of attorneys for plaintiff, and attorney for a corporation of which Mr. Richard Appleoff, the new prospective purchaser, was an officer, wrote to Mr. Lesperance: "This is to assure you that I have been given assurance by my client that he will exert every effort to obtain releases and/or satisfactions of mechanics liens and claims of all parties set out in the attached list on or before February 20, 1968." The officers of plaintiff bank testified no assurances were given beyond what appeared in the above writing. Efforts were made to settle the contractors' and subcontractors' liens but these efforts failed.

On the same date, January 8, 1968, Mr. Lesperance instructed his attorney to withdraw his appearance for the defendant Cedars of Cedar Rapids and allow default to be taken against it.

The mortgage included a clause allowing time for redemption to be shortened from one year to six months in accordance with section 628.26, Iowa Code, 1966. The decree of foreclosure provided the time for redemption be shortened to six months as provided in section 628.26. This would be six months from the date of the foreclosure sale. The sheriff gave notice of the sale, to be held February 21, 1968, by publication as required by law and by personal service on George L. Krabbenhoft, resident manager of the "Cedars" apartments, as the party in possession. Mr. Krabbenhoft was acting for the court appointed receiver. No notice of the time or place of the sheriff's sale was given defendant corporation or Mr. Lesperance. The property was purchased at sheriff's sale by plaintiff bank.

On August 21, 1968, six months to the day after the sheriff's sale, defendant filed its application for extension of time for right of redemption and for a temporary injunction forbidding plaintiff from entering into any agreement to sell the property. The temporary injunction was issued but was dissolved after hearing. At the same time the court refused to order the extension of time to redeem. Defendant asks us to reverse these orders.

I. This matter was tried in equity and so argued here. We review de novo and give weight to the trial court's findings but are not bound by them. Rules 334 and 344(f), par. 7, Iowa Rules of Civil Procedure.

Defendant first asserts the trial court erred in failing to hold that a holder of a right of redemption can ask to have the time to redeem extended for equitable reasons. 59 C.J.S. Mortgages § 845(2), page 1616 states: "It is within the power of a court of equity in a proper case to permit redemption from foreclosure after the expiration of the time fixed by statute therefor, as in the case of fraud, mistake, an agreement to extend the time of redemption, or other circumstances appealing to the discretion of the court. * * *." Cf.

Olson v. Sievert, 238 Iowa 1316, 30 N.W.2d 157.

■ The trial court did not rule adversely to defendant on the issue; rather, it conceded the point and looked to the circumstances to determine whether the equitable power should be exercised. It found: "There are no extenuating equitable circumstances which would justify this Court in extending the period of redemption or granting a permanent injunction herein." Under this ruling the court implicitly agreed with the position taken by defendant. The proposition is without merit.

II. In oral argument defense counsel stated it abandoned its second proposition.

III. The third and fifth propositions constitute the real basis for appeal and will be considered together. Defendant disagrees with the trial court's conclusion that there was insufficient evidence to justify extension of time for right of redemption.

Section 628.26, Iowa Code, 1966 provides: " * * * In such event (reduction of time to redeem) the debtor will, in the meantime, be entitled to the possession of said real property. * * *." Possession remained in the court appointed receiver. Defendant claims this is an equitable reason for extension of time.

■ Plaintiff argues constructive possession was in defendant because actual possession was in the receiver. The section considered was adopted in 1961 and has not been interpreted by this court. We do not interpret it now. If there is merit to defendant's position the proposition is advanced too late. The decision was made in the original foreclosure judgment. If incorrect the judgment should have been attacked by motion under rule 179(b), R.C.P., or by appeal. Neither course of action was pursued. Defendant cannot wait six months and then successfully raise the issue as an equitable reason for extension of time.

■ The circumstances preceding defendant's withdrawal of appearance are

said to have lured defendant into a false position based on a contract which was later breached. The trial court disagreed and so do we. As we read the record the most Mr. Lesperance could have expected was a good faith effort to satisfy all creditors. The record shows this effort was made.

▮ Defendant also charges plaintiff with interference with its efforts to find a new and better buyer for the property. Failure of the manager to allow inspection by prospects and failure of the receiver to render an accounting constitute the main charges. Each charge is without substance. If the receiver, through his manager, failed to treat defendant properly complaint should have been made to the court during the six-month period. There was ample time for such action but the complaints were not made until the eleventh hour and then only as an equitable basis for extension of time. We note defendant's admission that the prospective purchasers did in fact see many of the apartments as rented and could have seen more on request to the tenants. The same reasoning applies to belated complaints of the receiver's failure to report the financial condition of the receivership.

▮▮ Failure to give notice of the sheriff's sale and failure to notify defendant of judgment of foreclosure are urged as added equitable grounds for extension. Defendant was represented by counsel who was instructed to and did withdraw from the case. Mr. Lesperance was himself a lawyer admitted to the Wisconsin bar. Under the circumstances defendant was charged with knowledge that a foreclosure order would be entered in due course. As to notice of the sheriff's sale the statute provides for notice to the person in possession. This notice and notice by publication were both given. Mr. Lesperance had actual notice of the sale at least two months before the extension was requested. These circumstances do not provide grounds for equitable intervention.

Defendant cites and relies heavily on the statement in Guttenfelder v. Iebsen, 230 Iowa 1080, 1082, 300 N.W. 299, 301: "The right to redeem is universally recognized as a favorite equity." We have relied on that doctrine in many subsequent cases and do not disregard it here. But facts justifying application of the broad equitable powers must be shown in this case as well as in cases like Guttenfelder which deal with construction of a warranty deed as a mortgage and recognize an equity of redemption. See Article 18, Drake Law Review, 197.

The rule to be applied in any such case where equitable principles are invoked appears with particular relevance to this case in Eliason v. Stephens, 216 Iowa 601, 608, 246 N.W. 771, 774: "It is also probably the settled doctrine that where the owner of land is prevented from redeeming from a judicial sale by the fraud of the purchaser or one in privity with him, he may, by resorting to equity, be allowed to redeem after the expiration of the period on such terms as may be just and equitable; but good conscience, good faith, and reasonable diligence are necessary to be shown before relief will be granted by a court of equity."

▮ The trial court was correct when it decided the requisites of good conscience, good faith and reasonable diligence were not shown.

▮ One further matter remains for consideration. The trial court found defendant's action necessitated expenditures for attorney fees by plaintiff bank and granted judgment against defendant on the injunction bond in the amount of $500. The rule governing this matter is found in Chrisman v. Schmickle, 209 Iowa 1311, 1313, 230 N.W. 550, 551: "The law is well settled in this state that, when an injunction is the only relief sought, and the temporary writ issued therein is dissolved on final hearing, recovery by the defendant may be had for the reasonable and necessary costs, expenses, and attorney fees expended in

procuring such dissolution, Weierhauser v. Cole & Johnson, 132 Iowa, 14, 109 N.W. 301; Burnett v. [N.M.] Stark & Co., 155 Iowa, 588, 136 N.W. 670; Chicago, A. &. N.R. Co. v. Whitney, 143 Iowa, 506, 121 N.W. 1043; that when the injunction sought is merely collateral or auxiliary to the main subject-matter of the action, and its maintenance is not decisive of the precise question at issue, attorney fees and expenses are not recoverable * * *." Here the injunction was clearly auxiliary to other proceedings. The judgment for attorney fees was therefore improper and the case must be reversed as to that portion thereof.

The judgment is affirmed except as to allowance of attorney fees which are disallowed.

Affirmed in part and reversed in part.

All Justices concur, except RAWLINGS, J., who concurs in the result.