**Deane ADAMS, In His Capacity as Treasurer of Marshall County, Iowa, Appellee,**

v.

**THORP CREDIT, INC. d/b/a ITT Financial Services, Appellee,**

v.

**Carolyn BRYANT, Appellant.**

**No. 89–754.**

Supreme Court of Iowa.

March 21, 1990.

Brian L. Danielson of Pattie, Hinshaw, Danielson & Kloberdanz, P.C., Marshalltown, for appellant.

Peter J. Grady, Asst. Co. Atty., for appellee Deane Adams.

Kent L. Geffe of Welp & Geffe Law Office, Marshalltown, for appellee Thorp Credit, Inc.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

■ This is a declaratory judgment action brought by the treasurer of Marshall County to adjudicate competing claims to property purchased at tax sale. The question is whether a certificate of redemption issued by the treasurer before all the tax sale purchaser's costs are reported may be

invalidated by failure of the redeeming party to pay the costs in full prior to the close of the redemption period. The trial court upheld the redemption and the tax sale purchaser has appealed. We affirm.

The case was submitted to the district court on stipulated facts. Appellee Thorp Credit, Inc. (Thorp) held two mortgages valued at $11,000 on property owned by Mary Witte in Marshall County, Iowa. When Witte failed to pay property taxes owing from 1983 to 1986, the county treasurer, appellee Deane Adams, listed the real estate for "scavenger sale" pursuant to Iowa Code section 446.18 (1987).

In June 1987, appellant Carolyn Bryant purchased the real estate at tax sale for $414.43, a sum representing unpaid taxes, costs, penalties, and other charges provided by law. The treasurer issued a certificate signifying her purchase. *See* Iowa Code § 446.29.

Nine months later, in accordance with Iowa Code section 447.9, Bryant served notices of expiration of the right of redemption on Witte and the mayor of St. Anthony, Iowa (the town where the property was located). She also mailed notice to the mortgagee of record, Thorp. *See id.* The notices were served in May 1988. Returns of service were received by Bryant's attorney on June 2, 1988. The return of service on the mayor contained a technical error, so counsel returned the forms to the sheriff for correction.

On June 6, 1988, the same date the notices were returned to the sheriff for correction, Thorp paid the treasurer $471.84, the amount reported by the treasurer to be the cost of redemption. The treasurer then issued Thorp a certificate of redemption from tax sale. *See* Iowa Code § 447.5.

Three days later, Bryant filed an affidavit with the treasurer regarding the notices served and a statement of costs totaling $95.86 for title search and sheriff's service fees. The treasurer verbally advised Thorp of these costs which had not been previously reported by Bryant. On June 29, 1988, the treasurer directed Thorp in writing to remit the sum of $95.86 as additional costs incurred in connection with the redemption.

The ninety-day period of redemption expired on September 9. By that date, Thorp had not paid the costs of title search and service of notice. Bryant demanded that a tax deed be issued to her because of Thorp's failure to complete redemption in accordance with Iowa Code section 447.13.

The treasurer commenced a declaratory judgment action to determine the rights of the parties. On November 23, before the case went to trial, Thorp tendered $95.86 to the treasurer. The treasurer returned the check to Thorp because of the pending litigation.

Following hearing, the trial court ruled that redemption was completed on June 6, 1988, when Thorp paid the correct amount of costs as shown by the treasurer's records. On appeal, Bryant contends that the court's ruling does violence to the clear import of section 447.13 which states, in part: "A redemption is not complete until the costs are paid." Like the district court, however, we think Bryant's emphasis on this statutory language overlooks the procedure by which this redemption was effected, and the well-established public policy favoring redemption over forfeiture.

Chapter 447 provides two distinct procedural paths for the redemption of property sold for nonpayment of taxes. The first path leads to redemption "at anytime before the right of redemption is cut off" by the redeeming party's payment to the treasurer of costs, interest, and penalties. *See* Iowa Code § 447.1. Upon being satisfied that the redeeming party has a right to redeem and has paid the "proper amount," the treasurer issues a certificate of redemption. *See* Iowa Code § 447.5.

A second path to redemption is created when the tax sale purchaser takes the affirmative step of notifying interested parties of an intention to cut off their right of redemption. *See* Iowa Code § 447.9. Under this statutory scheme, the tax sale purchaser must give parties holding a right to redemption notice that their rights will be cut off ninety days after completed notice. *Id.* By statute, service is deemed completed only after an affidavit has been filed

with the treasurer showing compliance with service requirements. Iowa Code § 447.12. When this redemption procedure is followed, the cost of notice (or publication) and the cost of title search are added to the sale price, interest, and penalties prescribed by section 447.1. *See* Iowa Code § 447.13.

In the case before us, Bryant elected to follow the second procedural path by giving notice to interested parties. Thorp tendered payment to the treasurer, however, before service was completed in accordance with section 447.12. Thus, the treasurer was unaware of any costs incurred, and arguably payable, under section 447.13.

Given the fact that the title expense and cost of service ordinarily collectable under this statutory scheme remain unpaid, the dispute centers on who should bear the loss—the tax sale purchaser or the holder of the redemption certificate. Bryant argues that once the treasurer's "mistake" came to light, Thorp had to pay the additional costs in order to validate its redemption. There was no mistake made by the treasurer, however, as to the required costs at the time redemption was made. Thorp paid the correct amount of costs as shown by the treasurer's records.

In rejecting Bryant's contention that Thorp's redemption was invalid, the trial court placed paramount significance on the uncertainty that would be created for county treasurers and the public alike were redemption certificates voidable after issuance upon the discovery of unpaid costs. As noted by the treasurer, he had no way to anticipate costs not yet reported, nor any statutory authority to refuse redemption by a proper party. *See* Iowa Code § 447.5 ("The treasurer *shall* ... issue to the party a certificate of redemption...."). It was precisely the avoidance of this uncertainty that led the court in *Hintrager v. Mahoney,* 78 Iowa 537, 43 N.W. 522 (1889), to reject the notion that a redemption could be defeated by the neglect or unwillingness of a redeeming party to pay additional costs discovered after issuance of the redemption certificate. "[I]t is the payment that makes the redemption," this court said,

noting that the party who applies for redemption and makes the payment demanded "has answered the full spirit of the law as cited." *Id.* at 541, 43 N.W. at 524.

Bryant correctly asserts that the redemption statute was amended shortly after *Hintrager* to add the language now found in section 447.13 regarding complete payment of costs. *See* S.F. 126, 25th G.A. (1894). But in *Olson v. Sievert,* 238 Iowa 1316, 1320-21, 30 N.W.2d 157, 159 (1947), this court reaffirmed the general rule that title of the redeeming party is not affected by an erroneous computation of the costs of redemption.

The principle underlying the liberality this court has accorded redemption privileges was summed up in *Ashenfelter v. Seiling:*

> The right and authority of the State to seize and sell valuable property for the payment of a relatively small tax, while necessary, is often so oppressive in its results that we are bound to construe the right of redemption with all reasonable liberality, and hold the person who seeks to foreclose it to very substantial compliance with all of the provisions which have been enacted for its protection.

141 Iowa 512, 517, 119 N.W. 984, 985 (1909); *see also Fidelity Inv. Co. v. White,* 208 Iowa 519, 522, 223 N.W. 884, 886 (1929) (right of redemption will be liberally construed in favor of taxpayer); *Wakefield v. Rotherham,* 67 Iowa 444, 448, 25 N.W. 697, 698-99 (1885) (Right of redemption, being valuable and favored by law, may not be defeated by trivial mistakes; to do so would ignore the spirit of the statute creating it.).

The stability of land titles in this state depends on certainty in the issuance of redemption certificates and tax deeds. That certainty is reposed in the treasurer who acted here in good faith based on data solely within the control of the tax sale purchaser. We find no support in the law for Bryant's claim that Thorp's redemption has been invalidated. The sound reasoning of the trial court must be affirmed.

■ In equity, Bryant may justly expect reimbursement for costs she advanced to

give statutory notice to interested parties. Thorp has conceded as much both before the trial court and in its appellate brief. But we think it would be of dubious value to the citizens of this state if we allowed the technical enforcement of section 447.13 to create a "cloud" on the title held by Thorp. We hold that the trial court correctly determined that redemption was completed when Thorp paid the correct amount as evidenced by the treasurer's records. The judgment of the district court is affirmed.

AFFIRMED.