# IN THE COURT OF APPEALS OF IOWA

No. 25-0395
Filed April 15, 2026

**Rolling Hills Bank and Trust,**
Plaintiff–Appellee,

v.

**Walter Jacobsen, Theresea Jacobsen and Jacobsen-Holz Corporation,**
Defendants–Appellants,

**Daniel Brubaker and Claudia Brubaker,**
Intervenors–Appellees.

Appeal from the Iowa District Court for Dallas County,
The Honorable Terry Rickers, Judge.

**AFFIRMED**

Matthew J. Hemphill of Bergkamp, Hemphill & McClure, P.C., Adel,
attorney for appellants.

C. Scott Finneseth and Nicholas J. Spellman of Finneseth, Dalen & Powell,
P.L.C., Perry, attorneys for intervenor appellees.

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

Walter Jacobsen, Theresea Jacobsen, and Jacobsen-Holz Corporation (collectively "the Jacobsens") defaulted on promissory notes secured by mortgages on three of their properties—two in Dallas County and one in Greene County. The bank holding the notes filed this foreclosure action in Dallas County and obtained a decree foreclosing the mortgages on all three properties. Only the Greene County property is at issue in this appeal.

The Greene County property was sold at a sheriff's sale held in Greene County. Daniel and Claudia Brubaker were the purchasers at the sale. The sale was subject to a one-year redemption period.

The Jacobsens attempted to redeem the Greene County property by paying the Dallas County clerk of court on September 20, 2023—the final day of the one-year redemption period. When no action occurred in response to the attempted redemption, the Jacobsens filed an application asking the Dallas County district court to provide guidance on disbursing the funds and canceling the certificate of purchase. The Brubakers filed a motion seeking to intervene as interested parties, and the court granted that motion.

At the hearing on the Jacobsens' application, the Brubakers argued that the attempt to redeem the property failed. They relied on Iowa Code section 628.1 (2023), which states "[a]ll redemptions made under the provisions of this chapter shall be made in the county where the sale is had." Because the Jacobsens attempted to redeem by paying the Dallas County clerk of court rather than the Greene County clerk of court, the Brubakers argued the attempt to redeem failed. The district court agreed, and the Jacobsens appealed. The issue on appeal is whether the Jacobsens' payment to the wrong county clerk of court constituted valid redemption.

## I. Standard of Review

Foreclosure actions are equitable proceedings under Iowa Code section 654.1, so our review of those proceedings is de novo. Iowa R. App. P. 6.907; *Mlady v. Dougan*, 967 N.W.2d 328, 332 (Iowa 2021). "We give weight to the factual findings of the trial court, but we are not bound by them." *Mlady*, 967 N.W.2d at 332 (quoting *Decorah State Bank v. Wangsness*, 452 N.W.2d 438, 439 (Iowa 1990)). "We review questions of statutory interpretation for correction of errors at law." *Id.* (quoting *Standard Water Control Sys., Inc. v. Jones*, 938 N.W.2d 651, 656 (Iowa 2020)).

## II. Analysis

On appeal, the Jacobsens claim they successfully redeemed the Greene County property by making the required redemption payment in Dallas County. In support of this claim, the Jacobsens argue that substantial compliance with the statute is all that is required, and their payment to the wrong county clerk substantially complied. They also argue that, even if strict compliance with the statute is required, this court should find they successfully redeemed the property based on equitable principles.

### A. Applicable Standard of Compliance with Section 628.1

The parties disagree whether strict or substantial compliance with the redemption statute is required. But our supreme court has resolved that debate. "The right of redemption is purely a statutory proceeding, and the provisions of the statute relative thereto must be strictly complied with." *Nw. Mut. Life Ins. v. Hansen*, 218 N.W. 502, 505 (Iowa 1928). Redemption "may only be exercised as the statute prescribes." *Mlady*, 967 N.W.2d at 332. "The statute confers on the court no discretion nor power of mercy in relation thereto." *Id.* (quoting *Tharp v. Kerr*, 119 N.W. 267, 269 (Iowa 1909)).

3

As noted, Iowa Code section 628.1 requires "[a]ll redemptions made under the provisions of this chapter [to] be made in the county where the sale is had." There is no question the Jacobsens failed to strictly comply with this requirement by paying in the wrong county. But they argue that the strict-compliance standard used in *Mlady* only applies to the timeliness of the redemption and the proper amount required for redemption. Because the Jacobsens' payment to the Dallas County clerk was timely and in the correct amount, the Jacobsens contend they substantially complied and the redemption was valid.

The Jacobsens' argument that our caselaw only requires strict compliance as to the amount and timeliness of redemption ignores the context of the decisions upon which they rely. In the cases relied upon by the Jacobsens where the court applied a substantial-compliance standard, it was interpreting the statutory requirement for an affidavit that must be submitted with the redemption amount for a lienholder to redeem property. *See Waterloo Sav. Bank v. Carpenter*, 9 N.W.2d 818, 819 (Iowa 1943); *Guar. Life Ins. Co. v. Schmidt*, 294 N.W. 893, 894 (Iowa 1940); *Green Bay Lumber Co. v. Leitzen*, 215 N.W. 639, 640 (Iowa 1927). The statute at issue in those cases required the affidavit to "stat[e] as nearly as practicable the nature of the lien and the amount still due and unpaid thereon."[1] *See* Iowa Code § 628.18. The "as nearly as practicable" language creates a range of potential statements that might satisfy the statute's requirement. It makes sense that the court

---

[1] Iowa Code section 11789—the code section interpreted in *Waterloo Savings Bank*, 9 N.W.2d at 819, *Guaranty Life Insurance Company*, 294 N.W. at 894–95, and *Green Bay Lumber Company*, 215 N.W. at 640–41—was recodified as section 628.18 in the 1946 Iowa Code. It was later edited in 1985 to use gender-neutral phrasing, but it has not been substantively amended.

only required substantial compliance with this statutory provision, because, by its terms, the statute contemplates a lack of precision.

Unlike the range of potential statements that might satisfy section 628.18, section 628.1 creates a clear duty for "all" redemptions. Section 628.1's absolute requirement and duty is more like the absolute requirements and duties related to the amount and timeliness of redemption. *Compare* Iowa Code § 628.3, *with id.* § 628.13. Therefore, the strict-compliance requirements applicable to those sections also apply to section 628.1. *See Mlady*, 967 N.W.2d at 332.

The Jacobsens also argue that the policy reasons for requiring strict compliance with the amount and timing of redemption do not support requiring strict compliance with section 628.1. According to the Jacobsens, strict compliance with the time for redemption ensures marketability and finality of title, and strict compliance with the amount of redemption ensures the purchaser or lender is fully compensated. The Jacobsens claim these policies are not furthered by requiring redemption only in the county where the sale is had. *See* Iowa Code § 628.1.

We do not find these policy arguments convincing given the statute's clear requirements and notable lack of any exceptions. *Cf. Jahn v. Hyundai Motor Co.*, 773 N.W.2d 550, 560 (Iowa 2009) (finding no exception to application of comparative-fault principles in enhanced-injury cases despite policy reasons favoring such exceptions because the legislature did not provide exceptions in the statute). Further, we question whether redeeming in the wrong county constitutes even substantial compliance with section 628.1. Therefore, we reject these arguments.

The Jacobsens also contend the Brubakers would not be prejudiced by

application of a substantial-compliance standard and a finding that the Jacobsens met that standard because they would still be repaid in full. But the Jacobsens cite no controlling caselaw supporting this contention—nor have we found any—and there is no such exception outlined in the statute itself. Therefore, any lack of prejudice to the Brubakers does not persuade us that substantial compliance with the requirements of section 628.1 is sufficient.

The statutory language and our caselaw support requiring strict compliance with section 628.1. Because the Jacobsens attempted to redeem the property sold in Greene County by making payment to the Dallas County clerk of court, they failed to strictly comply with section 628.1 and thus failed to properly redeem.

## B. Equitable Exceptions to Strict Compliance

The Jacobsens also argue that even if strict compliance is required, the court should find their redemption valid based on equitable exceptions to our strict-compliance requirement. We have granted such equitable relief when a redeemer attempted to redeem in good faith but failed due to a nonnegligent mistake. *See Olson v. Sievert*, 30 N.W.2d 157, 159 (Iowa 1947); *Wakefield v. Rotherham*, 25 N.W. 697, 699 (Iowa 1885).

The Jacobsens argue their case is analogous to *Olson* and *Wakefield* and we should grant them the same equitable relief. We disagree because both cases are distinguishable. In *Olson*, 30 N.W.2d at 159, and *Wakefield*, 25 N.W. at 698–99, the clerk of court's mistake caused the amount the redeemer paid by the statutory deadline to be insufficient. In those cases, the court relied on equitable principles to extend the time for redemption because the redeemer attempted to redeem the property in good faith, did not make the

mistake that led to the deficient redemption attempt, and was not negligent in relying on the clerk's information. *Olson*, 30 N.W.2d at 159; *Wakefield*, 25 N.W. at 698–99. But when the mistake is attributable to the redeemer, *Olson* and *Wakefield* do not apply. *Mlady*, 967 N.W.2d at 335 (denying relief based on the equitable principles in *Olson* and *Wakefield* when the redeemer's attorney miscalculated the redemption amount).

We do not doubt the Jacobsens attempted to redeem in good faith. But there is no evidence that the mistake was attributable to anyone other than the Jacobsens, so the equitable principles utilized in *Olson* and *Wakefield* do not apply. *See Mlady*, 967 N.W.2d at 335. The Jacobsens argue their mistake was not negligent because the foreclosure proceeding was held in Dallas County, all relevant sale documents referenced the Dallas County case number, and the payment from the sale went to Dallas County. While we understand these details may have caused confusion, the fact remains that it was solely the Jacobsens' mistake that caused them to make payment in the wrong county. Parties are generally assumed to have knowledge of the law, and ignorance of the law is no excuse. *Millwright v. Romer*, 322 N.W.2d 30, 33 (Iowa 1982) ("Every citizen is assumed to know the law and is charged with knowledge of the provisions of statutes."); *Lolkus v. Vander Wilt*, 141 N.W.2d 600, 604 (Iowa 1966) ("[I]gnorance of the law excuses not." (citation omitted)). Section 628.1 unambiguously required the redemption to occur in Greene County, and the failure to meet the requirement is attributable only to the Jacobsens. "Courts of equity are 'bound by statute, and in the absence of fraud or mistake, equity must follow the law.'" *Mlady*, 967 N.W.2d at 335 (quoting *Kuehl v. Eckhart*, 608 N.W.2d 475, 477 (Iowa 2000)). Here, the statute requires redemption in the county where the sale is had, and neither the statute nor our caselaw allows us to subvert the statutory requirement under equitable principles when the mistake is attributable to the party

seeking the equitable remedy.  *See* Iowa Code § 628.1; *Mlady*, 967 N.W.2d at 335.  Therefore, we cannot grant the equitable relief the Jacobsens request.

## III.   Conclusion

Because section 628.1 requires strict compliance and the Jacobsens failed to redeem the Greene County property in the county where the sale occurred, the attempt failed.  Equitable relief is unavailable, as the mistake was attributable only to the Jacobsens.  Accordingly, we affirm the district court's decision.

**AFFIRMED.**